————o————

John Cosgrove, Respondent, *vs.* The Tebo and Neosho Railroad Co., Appellant.

1. *Corporations—Notices to—How served.*—Notices can be served on corporations only in the mode pointed out by statute.
2. *Railroads—Claim for wages due from contractors—Notices—Statute, construction of.*—A notice to a railroad, that a contractor on their road is in arrears to his hands, which substantially complies with the statute (Wagn. Stat., 302, § 10), so as to prevent any misapprehension, is sufficient.
3. *Railroads—Contractors—Accounts of laborers—Admissions.*—The account of a laborer for work on a railroad under a contractor, signed by the contractor, is not evidence against the railroad company as its admission, unless the authority to make such admissions is established.

*Appeal from Cooper Circuit Court.*

*Hayden & Tompkins,* for Appellant.

I. If Donnelly was the agent of the defendant to sign the accounts sued on, the plaintiff was bound to prove the fact of agency, before he could offer to read the accounts in evidence.

II. The statute concerning the notice to the defendant must be strictly construed. (Peters vs. Iron M. R. R., 23 Mo., 107; Schulenburg vs. Bascom, 38 Mo., 188; Thomas vs. Barber, 10 Md., 380.)

III. The notices read in evidence did not comply with the statute and should have been rejected.

*Draffen & Cosgrove*, for Respondent.

I. The notices given by the laborer were sufficient. They put the appellant in full possession of the facts, and complied with the law in form and substance. (Putnam vs. Ross, 46 Mo., 337; Boylan vs. St. Boat Victory, 40 Mo., 244, and cases cited.)

II. Evidence, which was competent to establish the liability of Donnelly, the sub-contractor, was competent to prove the liability of the appellant. (Peters vs. St. Louis & Iron M. R. R. Co., 23 Mo., 107; Kent vs. N. Y. C. R. R. Co., 12 N. Y., 628.)

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff brought his action in the Cooper Circuit Court against the defendant to recover certain sums, alleged to be due him as the assignee of divers accounts, alleged to have been transferred to him by those, who had worked in the capacity of laborers in the construction of the road of defendant. The petition, which contains numerous counts, a separate count being devoted to each account thus, as alleged, assigned, states among other things, that Henry McPherson was the contractor with the defendant for the construction of a certain portion of defendant's road; that McPherson, after thus becoming contractor, assigned all of his interest in his contract to McPherson & Barnes; that McPherson & Barnes, after thus becoming contractors with defendant for such construction, contracted with one M. Donnelly for the

construction of that portion of said road known as section 14 in Cooper county; that the following named persons worked, as laborers on said last named portion of said road, for said Donnelly, contractor, as aforesaid, under said McPherson & Barnes, &c., &c.

The petition also alleged the giving of notices to defendant in each case by service of the same on Fleming, defendant's engineer, and the assignment of the different claims sued on to plaintiff, prior to institution of suit, &c.

The answer of defendant was a general denial. It did not, however, deny, that Henry McPherson was a contractor, as alleged in the petition, nor that he assigned his interest in the contract to McPherson & Barnes, nor that the latter became contractor with the defendant in the room and stead of McPherson.

The accounts alleged to have been assigned to plaintiff were in this form :

To N. R. R. Section 14, Sept. 16th, 1870.

Due Thomas Sullivan nineteen dollars and twenty-five cents ($19.25,) for work done in the month of September, payable October 15th, 1870.

M. Donnelly.

Donnelly's name is also sometimes signed as contractor, and occasionally sub-contractor.

The notices, referred to in the petition, were in this form :

To the Tebo & Neosho Railroad Company :

Take notice, that I have worked for McPherson & Barnes, under M. Donnelly, sub-contractor of said McPherson & Barnes, on section 14 of the Tebo & Neosho R. R. in the county of Cooper, between the 15th day of August, and the 15th day of September, 1870, ten and a half days, at $2.00 per day. That the same amounts to twenty-one dollars; which amount is wholly unpaid, and I shall look to you for the payment thereof. Yours, &c.

October 4th, 1870. John Stephens.

By John Cosgrove, his Attorney.

Evidence was adduced at the trial tending to prove, that, of the accounts sued on, some were signed by Donnelly, and others by his authority; that he worked on the road as sub-contractor, or under McPherson & Barnes; that McPherson himself made the contract with Donnelly, and that it was not made with the latter by McPherson and Barnes; that the work was done on the road of defendant by the laborers, who had assigned their accounts to plaintiff, as averred in the petition, and that such laborers had performed said work under Donnelly. The notices, alleged in the petition to have been served on defendant's engineer, and the accounts signed by Donnelly, were also read in evidence, as well as a certain record entry in the case of McPherson & Barnes against defendant showing, that the latter had stricken out of its answer in that cause a counter-claim alleging the pendency of two suits of plaintiff against defendant; that the counter-claim was not to be litigated, and was to be withdrawn without prejudice by consent, &c.

The plaintiff also testified, that " he gave the several notices attached to the original petition to defendant."

This was in brief the evidence offered, and the defendant duly saved its exceptions as the cause progressed.

It was clearly erroneous to admit as evidence against the defendant the accounts signed by Donnelly. Whatever of binding force and effect they could have as the admissions of the latter, certainly they could not so operate as to charge the defendant, until some agency on Donnelly's part to make such admissions was established.

For like reason an instruction on behalf of plaintiff, altogether ignoring the question of agency, and asserting the admissibility of the accounts they signed to establish as against the defendant the amount and value of the labor specified in such accounts, was unquestionably wrong.

The notices, alleged to have been served upon defendant, were in substantial compliance with the statute. (Wagn. Stat., 302, § 10.) The evident object of such notices is to apprize the company, that the person, whom they have employed in the

construction of their road, is in arrears to his hands, and to cause the amount of such indebtedness to be withheld from the contractor until such claims are satisfied, and the company thus exonerated. Any notice therefore, which gives the company information sufficient to prevent any real misapprehension on any of the points specified in the statute, must be regarded as a practical compliance therewith. But the notices in this case ought not to have been admitted in evidence, for there was nothing to show, that they had ever been served; and the plaintiff's testimony certainly had no tendency to supply any lack in this particular. It is true he testifies to giving the notices to the defendant, but how, when, and where? The only mode, by which corporations may be notified, is in this way pointed out by the statute itself. For these artificial entities have no eyes to see, ears to hear, nor hands to receive, and can only directly act, or be acted upon, through and by means of their agents and officers. The bill of exceptions is made out after such a poor fashion, that I have been unable to determine, whether the court, under the circumstances of the case and admissions made in defendant's answer, committed any material error respecting the contract between Mc-Pherson & Donnelly; and for the same cause it is impossible to say, whether or not the record entry in the case of McPherson & Barnes against defendant was admissible; as the counter-claim in the entry referred to, neither in form nor in substance, accompanies the entry. I may however remark, that such entries are frequently received as solemn admissions of the existence or non-existence of certain facts, even in favor of a stranger to the action in which the entry occurs, and against one of the parties to the suit then pending. (1 Greenl. Evid., § 527, and cases cited.)

Judgment reversed and cause remanded. Judge Adams did not sit; the other judges concur.