THE STATE *ex rel.* HOSPES *et al.* v. BRANCH *et al.*, *Appellants.*

In Banc, June 15, 1896.

1. **Guardian and Ward:** MISAPPROPRIATION OF FUNDS: BREACH OF BOND. A use by a guardian, in his private business, of his ward's funds will constitute a breach of his bond for which his sureties will be liable.

2. ———: ———: TRUSTEE. Where, on a ward becoming of age, her guardian was appointed her trustee and took a receipt for her property from himself as such trustee, his sureties as curator will not be relieved from liability by the fact of his solvency, unless the ward's money was actually in hand when he was so appointed trustee, or unless it was thereafter withdrawn from his business in which he had used it and was taken in charge in his capacity as such trustee (following *State, etc., v. Branch*, 126 Mo. 448, and disapproving *Tittman v. Green*, 108 Mo. 22).

3. **Estoppel:** JUDGMENT. The conclusiveness of a judgment includes the finding of any fact which was in issue and was necessarily decided.

4. ———: ———. A party sought to be bound by a former judgment must have been a party to both actions in the same capacity or character.

5. ———: ———: TRUSTEE: GUARDIAN. A finding on an application for the removal of a trustee that he had received funds as trustee from himself as guardian *held* not *res judicata* in an action on his bond as guardian for conversion of such funds.

6. ———: ———: ———. Where, on final accounting in the probate court, a guardian files receipts for funds on hand from himself as trustee and afterward the *cestui que trust* receipts for moneys received from him as such trustee and in a suit in the circuit court to remove him from his trusteeship she charged him with the possession of the funds in that capacity and the court so found, she will be estopped as against the sureties on the guardian's bond from claiming that he did not transfer the money to himself as trustee, if, when he made his settlement as guardian, he possessed property from which, by proper diligence, he could have transferred the trust funds to himself as such trustee.

*Appeal from St. Louis City Circuit Court.*—HON DANIEL
DILLON, Judge.

REVERSED AND REMANDED.

*R. S. MacDonald* and *E. C. Kehr* for appellant.

(1) Where one holds an estate in one trust capacity, which he is required to pay or deliver to himself in another trust capacity, inasmuch as he can not sue himself, the law *eo instante* transfers the estate from himself in the one capacity to himself in the other. *State to use v. Hearst,* 12 Mo. 365; *Walker's Adm'r v. Walker,* 25 Mo. 367; *Babb v. Ellis,* 76 Mo. 459; *Tittmann v. Green,* 108 Mo. 22; *State ex rel. v. Branch,* 112 Mo. 661; *State to use v. Cheston,* 51 Md. 352; *Gilmer v. Baker,* 24 W. Va. 72; *Commonwealth v. Gould,* 118 Mass. 300; *Todd v. Davenport,* 22 S. C. 147; *In re Sandison's Estate,* 72 Hun, 160; *Taylor v. De Blois,* 4 Mason C. C. R. 131; *Seegar v. State,* 6 Harris & Johnson, 162. (2) If Branch did not have the assets of his ward on hand when he became trustee, it was his duty as trustee at once to collect them, and failure so to do constitutes a breach of his bond as trustee and renders the sureties on it liable for the amount lost. The sureties on the trustee's bond being liable, the

sureties on the curator's bond are exonerated. *Titt-mann v. Green*, 108 Mo. 22; *Gilmer v. Baker*, 24 W. Va. 72; *Smith v. Gregory*, 26 Grattan, 248; *Bell v. The People*, 94 Ill. 230; *Crocker v. Dillon*, 133 Mass. 99; Schouler's Dom. Rel. [4 Ed.], sec. 324. (3) Branch's sureties on the trustee's bond are bound by his acts as trustee. *In re Sandison's Estate*, 72 Hun, 160. The judgment against Branch in cause number 75841, is evidence of the liability of the sureties on the trustee's bond and plaintiffs base their suit against Chouteau upon it. *Treweek v. Howard*, 105 Cal. 434; *Billinger v. Thompson*, 26 Ore. 320; *Douglas v. Ferris*, 138 N. Y. 192; *Hailey v. Boyd's Adm'r*, 64 Ala. 399. (4) A decree in equity for the payment of money merges the original debt in the same manner and to the same extent as a judgment at law. 2 Black on Judgments, sec. 675; 1 Freeman on Judgments, sec. 248; Herman on Estoppel and Res. Jud., secs. 407 and 408; *Caldwell v. White*, 77 Mo. 471; *Corcoran v. Canal Co.*, 94 U. S. 741; *Louis v. Brown Town*, 109 U. S. 167. (5) The sureties can only be held for the default of the principal. Whatever protects and discharges the principal protects and discharges the sureties. *State to use v. Coste*, 36 Mo. 437; 1 Herman on Estoppel and Res. Jud., secs. 158, 160, and 162; *Bush's Heirs v. Hampton*, 4 Dana (34 Ky.), 83; *Inhabitants v. Moore*, 15 N. J. L. 146; *Hill v. Bain*, 15 R. I. 75; *Featherston v. Turnpike*, 71 Hun, 109; *Scroggin v. Holland*, 16 Mo. 419. (6) Relators are estopped to deny that the fund came to the hands of Branch as trustee, and was converted by him in that capacity. The issue is *res adjudicata*. 1 Freeman on Judgments [4 Ed.], secs. 249, 253, 257; also, sec. 310; *Cromwell v. County of Sac*, 94 U. S. 351; *Outram v. Morewood*, 3 East, 346; *Caperton v. Schmidt*, 85 Am. Dec. 187; *Hickerson v. Mexico*, 58 Mo. 61; *Edgell v. Sigerson*, 26 Mo. 583; *Young v. Byrd*,

124 Mo. 590. (7) A party can not assume successive positions in the course of a series of suits in reference to the same fact, or state of facts, that are inconsistent or contradictory. Alice Crookes having, in her various suits, alleged and charged that Branch received and converted her estate as trustee, will not be allowed to assert the contrary in the present suit. She has chosen her position and the former suits estop her. 2 Black on Judgments, sec. 632; Bigelow on Estoppel [5 Ed.], p. 673; Herman on Estoppel and Res. Jud., secs. 287, 288, 1028, 1040, 1051, 1055, and 1057; *Lilley v. Adams*, 108 Mass. 50; *Martin v. Boyce*, 49 Mich. 122. (8) What the record decides is a matter of law for the court. *Young v. Byrd*, 124 Mo. 590. There being no ambiguity in the record, oral evidence to explain, controvert, or impeach it is inadmissible. 2 Black on Judgments, sec. 625; *Armstrong v. St. Louis*, 69 Mo. 309; *St. Joseph v. Railroad*, 116 Mo. 636; *Case v. Gorton*, 33 Mo. App. 597; *Sconce v. Long Bell L. Co.*, 54 Mo. App. 509; *Chapman v. Smith*, 16 How. (57 U. S.) 114.

*B. Schnurmacher* and *Jos. S. Laurie* and *Valle Reyburn* for respondents.

(1) The instructions given by the trial court are in strict conformity with the law as declared by this court. 126 Mo. 448. The two actions are not between the same parties or their privies. As said by Judge SHERWOOD in *Quigley v. Bank*, 80 Mo. 289: "It is a general principle fundamental to the doctrine of *res adjudicata* that personal judgments conclude only parties to them and their privies (Bigelow on Estop., p. 59; Greenleaf, Ev., sec. 535); and can not be invoked by strangers nor pleaded by them. Freeman on Judg., sec. 154; *Henry v. Woods*, 77 Mo. 277." *First.* The plaintiffs in the two actions are different. *Dollarhide*

*v. Parks*, 92 Mo. 178. *Second.* The defendants in the two actions are different. *Third.* So it is necessary to create the estoppel that the party sought to be bound must have appeared in both actions in the same capacity or character. Black on Judgments, sec. 536; Bigelow on Estoppel, pp. 130, 131; *Banka v. Railroad*, 63 N. W. Rep. (Minn.) 116; *Terrill v. Boulware*, 24 Mo. 254; *Henry v. Woods*, 77 Mo. 277. *Fourth.* Appellant was not privy to the former judgment. *Fifth.* The scope of the estoppel created by the former judgment does not include any issue or fact in the present suit. *Cromwell v. County of Sac*, 94 U. S. 351. (2) Fraud and ignorance release an estoppel. *Gillett v. Wiley*, 126 Ill. 310; *Moran v. Plankington*, 64 Mo. 337. The doctrine of election can have no application whatever, for the reason that the remedies on the two bonds are not inconsistent but concurrent. Plaintiff may sue upon either bond or both, and a judgment upon one bond, without satisfaction, would not bar an action on the other bond. This has been repeatedly decided by our supreme court and the appellate courts of other jurisdictions. *State v. Drury*, 36 Mo. 281; *State v. Berning*, 74 Mo. 87; *State v. Schaeffer*, 74 Mo. 154; *State v. Jones*, 89 Mo. 470; *State v. Bilby*, 50 Mo. App. 162; *Harris v. Harrison*, 78 N. C. 202; *Culp v. Lee*, 109 N. C. 675; *Smith v. Gregory*, 26 Gratt. 248; *Lee v. Lee*, 67 Ala. 406; s. c., 55 Ala. 590.

MACFARLANE, J.—Alice Crookes, while yet a minor, received a legacy under her father's will. Defendant, Joseph W. Branch, was duly appointed her guardian, gave bond as such, and received the legacy, in April, 1875. The said Alice attained her majority February 25, 1882. Branch made final settlement of his curatorship in the probate court on July 19, 1884, in which there was found to be due his ward the sum of $19,832.-

15, which was ordered paid to the trustee of the said ward when appointed. In January, 1885, the said Alice Crookes filed her petition in the circuit court, reciting the foregoing facts, and stating that Branch then held in his hands, ready to be paid over, the said sum, and praying an order appointing the said Branch her trustee to receive and hold said sum for her use.

The court found the facts as stated, and ordered that "Joseph W. Branch be, and he is hereby, appointed trustee, with all the powers and authority in and by said will vested in her, the said Alice Crookes; and the said Joseph Branch here, in open court, accepts said trust, and files his bond in the sum of $40,000, with Charles P. Chouteau and R. M. Parks as securities, and conditioned for the faithful discharge of the trust, which bond the court now approves." On June 16, 1885, Branch presented to the probate court a copy of the order, and submitted his receipt as follows:

"St. Louis, Mo., June 1, 1885.

"Received this day of Joseph W. Branch, curator of the estate of Alice Crookes, the sum of nineteen thousand, eight hundred and thirty-two and $^{15}/_{100}$ dollars, in full payment of the balance found due from him at the final settlement of her estate in the probate court of St. Louis City, July 18, 1884. Evidence of my appointment as trustee by the circuit court of St. Louis City is herewith submitted.

"Joseph W. Branch, Trustee."

Thereupon the court made this order:

"Now comes Alice Crookes, late a minor, by Joseph W. Branch, her trustee, and acknowledges in open court full and entire payment and satisfaction of the balance ordered to be paid and delivered to her upon the final settlement of said Joseph W. Branch, curator of her estate heretofore made herein. It is thereupon

ordered by the court that said Joseph W. Branch be, and he is hereby, finally discharged as such curator. Receipt filed.''

This suit is against Branch and his securities upon his curator's bond, and charges a conversion of the funds prior to his appointment as trustee.    This is the third appeal.    The opinion of the court in the two former appeals will be found reported, respectively, in 112 Mo. 661, and 126 Mo. 448, to which reference is made for a more specific statement of the facts.

The original answer stated all the foregoing facts, and it was claimed that thereunder the judgments and orders of the probate court were conclusive on Miss Crookes that the funds had been transferred from Branch as guardian to Branch in his capacity of trustee.    After the second appeal, defendant filed an amended answer, in which he stated all the foregoing facts and the following additional new matter:    On the seventh of March, 1888, the said plaintiff, Alice Crookes, commenced her suit in the circuit court of the city of St. Louis against Branch, in which she charged that, as trustee, he had received the trust funds, and had afterward misapplied and converted them to his own use, and neglected and refused to apply them in her support and maintenance, as required by the terms of the will.    She prayed that Branch be removed from the trusteeship; that a successor be appointed; that an account be taken; and that he be required to pay over to his successor the amount found to be due.    To said suit Branch entered his appearance, and, upon a hearing, the court found that Branch, "as such trustee, received into his possession the sum of $19,832.15 of the estate belonging to the plaintiff, and that said defendant has    *    *    *    misapplied said trust funds, and appropriated the same to his own use.''    On a hearing of that case, the court found a balance due

Alice Crookes from Branch, as trustee, of $20,689.69, and ordered that the same be paid over to his successor. Richard Hospes was thereupon appointed trustee, and gave bond as such.

Afterward, in August, 1888, the said Hospes, as trustee, commenced a suit against Branch and his securities on his bond as trustee, charging a misappropriation of the funds while acting in that capacity, which suit is still pending. This suit was commenced in March, 1889. An agreement was afterward entered into between the plaintiffs herein and the sureties of the bond of Branch as trustee, to the effect that plaintiffs would prosecute this suit to final judgment, and, if unsuccessful in it, the said securities agreed to pay the amount found due as trustee. Under this agreement, a sum was paid to plaintiffs, which was to be credited as a payment, if they should afterward be adjudged liable; if not, then it should be refunded.

Upon the trial, the foregoing facts were shown by the records of the court, and other evidence. Plaintiffs offered evidence in rebuttal, tending to prove that the information upon which the former proceedings were prosecuted was obtained from Branch himself, by which they were misled and deceived into making the declarations and admissions therein contained. It was further shown on the trial that, prior to his settlement as curator, Branch had used the funds of his ward in his private business, and that they were being so used at the time the settlement was made, and, as a matter of fact, the money was not in his hands, and never was transferred, but was continued in his private business as before. The evidence also tended to prove that at the time Branch, as trustee, filed in the probate court the receipt from himself as curator, he was possessed of sufficient property, subject to execution, out

of which the balance due his ward could have been collected by process of law.

At the request of the plaintiffs, the court gave the jury this instruction: "The court instructs the jury that the burden rests upon defendant to show that Branch, as curator of Alice, paid over to himself, as her trustee, the sum ascertained upon his final settlement to be due from him as curator. And the court further instructs the jury that, in order to show such payment, it must appear from the evidence, to the satisfaction of the jury, that Branch, as curator, at the time of his qualification as trustee, had said sum of money actually in hand. It is not sufficient to show that Branch at such time had property of his own upon the credit of which he could have raised the money had he so desired.

The jury are instructed that if Branch, as curator, and prior to his qualification as trustee, had appropriated to his own use the funds received by him as curator to said Alice, and at the time of his appointment as trustee did not have in hand the money belonging to said Alice Crooks, then, even though at the date of his qualification as trustee said Branch may have had property of his own subject to execution, of sufficient value to have enabled the claim in behalf of said Alice against him to have been collected by due process of law, yet such fact is immaterial, and does not relieve his bond as curator from liability in this action."

Defendants, the sureties on the curator's bond, asked, and the court refused to give, these instructions:

"(1) If the jury believe from the evidence that the defendant Joseph W. Branch was appointed trustee of Alice Crookes, as recited in the answer of the defendant Tittman, and that, after such appointment, he executed the receipt dated the first day of June, 1885, and read in evidence by defendants, he thereby

elected to hold from that time forward the fund re-
cited in said receipt as trustee, and not as curator of
Alice Crookes; and, if at that time he actually had
her estate in his hands, then such election transferred
the fund from himself as curator to himself as trustee,
and the jury will find the issues herein for the defend-
ant Eugene C. Tittman, administrator of the estate of
Basil W. Alexander.''

"(4)  If the jury believe from the evidence that
Joseph  W.  Branch was appointed trustee of Alice
Crookes, as recited in the answer of defendant Tittman,
it became and was his duty upon such appointment to
collect, in his capacity as trustee, from himself as cura-
tor, the balance which, upon final settlement of the
curatorship of said Alice Crookes, he was ordered by
the probate court to pay to said Alice Crookes' trustee;
and if the jury believe from the evidence that, at
the time said Branch was so appointed trustee, he was
possessed of property sufficient, subject to execution,
out of which such balance could have been collected by
process of law if some person other than himself had
been appointed such trustee, then the sureties on the
trustee's bond read in evidence are liable for said bal-
ance, and the sureties on his curator's bond are exon-
erated, and the jury will find for the defendant Titt-
man.''

Instructions were also asked by said defendants,
and refused by the court, to the effect that plaintiff
Alice Crookes was, by her proceedings in the cases
prosecuted by her, her declarations and admissions
therein, and the findings and judgments of the court,
estopped to deny that Branch held the funds as trus-
tee, and that said defendants were released as sureties
on his bond as curator.   The judgment was for plain-
tiffs, and defendants appealed.

I.   In the latter of the two previous appeals in this case, which was heard by the court *in banc*, it was distinctly held that the use by Branch, as curator, of the funds of his ward in his own private business, was a misapplication, which created a breach of his bond for which his sureties were liable, unless the money was actually in hand when he was appointed trustee, or the amount was thereafter withdrawn from his business, and taken in charge in his capacity of trustee. The fact that he was at the time solvent, and that he was possessed of property subject to execution out of which the balance due his ward could have been collected by process of law, did not relieve his sureties on his bond as curator.   We feel ourselves bound on this appeal by this ruling.   This judgment must therefore be taken as settling the law on this branch of this case, and justified the circuit court in giving to plaintiffs the instruction complained of, and in refusing the first instruction asked by defendants.

In *Tittman v. Green*, 108 Mo. 22 (which is identical with this one in its facts), the suit was against Branch and his securities as trustee; and division 2 of this court held that if Branch had assets in his hands as curator, or was possessed of property, out of which the funds could have been collected by process of law, elected, by some unequivocal act, to hold the funds as trustee, he would thereby shift the liability from his bondsmen as curator upon his bondsmen as trustee. It is evident that this ruling is inconsistent with the judgment of the court *in banc* on the second appeal in this case, in holding that a mere election on the part of Branch would relieve the securities on his bond as curator from liability for a misappropriation of the funds committed while acting in the capacity of curator. When Branch was appointed trustee, he assumed the duty of withdrawing the trust funds from his private

business, and of holding and administering it as trustee, and for the performance of this duty his securities bound themselves as well and as fully as for its proper management after it came into his hands.

But it does not follow that a neglect on the part of Branch to take into his hands, as trustee, the trust funds, would relieve the securities from a liability that existed when the settlement as curator was made.   If a third person had been appointed trustee, it would have been his duty to have collected the amount  due from the curator or his securities.   While a neglect to do so would create a liability on the part of the securities on his bond as trustee for the losses thereby incurred, it would not alone relieve his securities as guardian from their liability for the original default.   These principles are necessarily drawn from the former decisions in this case.   The second instruction asked by defendants, and refused by the court, was therefore erroneous in declaring under the facts stated, that the sureties on the curator's bond were exonerated from liability.   We find no error, therefore, in the proceedings upon any of the questions heretofore considered.

II.   It is now insisted that the proceedings prosecuted by plaintiffs in the circuit court, and the finding and judgment thereon, estop them to deny that Branch took the trust funds into his hands as trustee.   This question was not involved in the former appeals.   In the proceedings instituted by Miss Crookes to have Branch appointed her trustee, and in the subsequent proceedings to have him removed, she states unequivocally that he has the funds in hand, and the court so finds, and enters judgment accordingly.   It is first insisted that the fact thus became *res adjudicata*, and is conclusive upon plaintiffs.   The law at this day is well settled that the conclusiveness of a judgment, as between the parties to it, is not confined to the entire

matter litigated, but includes the finding of any facts which were in issue and were necessarily decided. *Cromwell v. County of Sac*, 94 U. S. 351; Freem. Judgm., sec. 249.

In a suit for an installment of interest on a promissory note, the defendant pleaded an alteration of the note which avoided it. This issue was found against him. In a subsequent suit on the note itself, the question as to the alteration was held to be *res adjudicata*. *Edgell v. Sigerson*, 26 Mo. 583. In *Young v. Byrd*, 124 Mo. 590, it was held that, where the effect of a judgment is to decide a particular issue of fact, that issue must be held *res adjudicata* as to the parties then before the court; and it is immaterial in what form the issue was raised if it was decided between the adversary parties, on its merits.

Nor is it regarded as being essential to the conclusiveness of a former recovery that the parties are identically the same as those to a suit in which an attempt is made to litigate the same issue. Only parties to the former judgment and those in privity with them are concluded, but they may be bound thereby in a subsequent proceeding to which they are parties, and which involves the identical issue, though the adversary parties are not the same. *Young v. Byrd, supra; Nave v. Adams*, 107 Mo. 420. But the former proceeding was against Branch as trustee, and he is now sued in his capacity of curator. The party concluded by a former judgment must not only have been a party to both actions, but he must have been before the court in the same capacity in each. "It is not only necessary that the person sought to be bound by the former judgment should have been a party to both actions, but he must have appeared in both in the same capacity or character. * * * This rule is one of the fundamentals of the jurisprudence of the sub-

ject." Black, Judg., sec. 536; Bigelow, Estop. 130; Freem. Judg., sec. 156; Herm. Estop., sec. 94; *Collins v. Hydorn*, 135 N. Y. 320.

A finding and judgment, therefore, that Branch held the funds as trustee, will no more conclusively protect him as curator from a charge of misapplying the trust funds while acting in the latter capacity than a finding in his favor in the former suit would be. conclusive against him in this one. If the judgment was not conclusive upon Branch, it did not conclude plaintiffs, though their interests be identical. Estoppels must be mutual. Miss Crookes can not be bound unless Branch would have been bound had the judgment gone the other way. *Henry v. Woods*, 77 Mo. 281; *Collins v. Hydorn, supra;* Freem. Judgm., sec. 159. Plaintiffs are not, therefore, concluded by the former judgments.

III. But it is insisted that plaintiff Alice, by her conduct and declarations, is now, in equity, estopped, as against the sureties on the guardian's bond, to deny that Branch received the funds as trustee. It stands established by the records and judgments of the circuit court in the former proceedings that the said plaintiff, in the most solemn manner, declared that Branch had taken the funds into his hands as trustee. The records of the probate court show that she was duly notified that Branch, as curator, would make his final settlement. The records of said court also show that the funds were transferred to Branch, as trustee. Branch was appointed trustee upon the petition of said plaintiff, in which it was solemnly stated that he held the funds in his hands ready to be transferred. The order was made appointing Branch trustee, and he was ordered to transfer the funds to himself as trustee. A receipt was duly filed in the probate court showing that the transfer had been made, and Branch, as cura-

tor, was, so far as the probate court could act, discharged as curator.    Every act was done by plaintiff, that it was possible for her to do in ratification of the acts of her curator, and in affirmance of the records of the probate court.    The matter was allowed to stand in that condition for about two years, said plaintiff continuing to reaffirm the truth of the records by receipting for money from Branch in his capacity of trustee.

Under all principles of equity and good conscience, plaintiff should not be allowed to deny the truth of what the record shows, if, by doing so, others will suffer loss or injury.    The sureties on Branch's bond as guardian obligated themselves to answer for any default of their principal.    They had the right to protect or secure themselves against liability in case the misconduct of their principal became manifest.    Upon the settlement of the curator in the probate court, they became *prima facie* responsible for the amount found due, if it was not properly accounted for, and paid over according to the orders of the court.    They had the right to see that the orders of the court were obeyed, and, if not, to take steps to relieve themselves of their obligations, or to secure themselves against loss.    The orders of the probate court were only evidence of their discharge.    How could they determine the absolute truth except by inquiry of the trustee and the *cestui que trust?*    An examination of the records will show that both these, unequivocally and in the most solemn manner, affirm their truth.    The securities had a right to rely in absolute confidence on the record and the judicial declarations of plaintiff affirming its truth.    Greenl. Ev., sec. 527a; *Cosgrove v. Railroad*, 54 Mo. 499.

It will not do to say that Miss Crookes was misled and deceived by Branch as to the facts, and that the declarations were made in ignorance of the true facts.

She was of age, and was represented by counsel. If she were ignorant of the facts, it was on account of her own inexcusable negligence, which she can not allege. Herm. Estop. 882, and cases cited.

If, therefore, Branch, when he made his settlement as curator, was possessed of property out of which, by proper diligence, he could have transferred the trust funds to himself as trustee, then plaintiffs, by their conduct, admissions, and declarations, are estopped to deny that he did his duty. The judgment is reversed, and the cause remanded. BRACE, C. J., absent. BARCLAY, J., did not sit. The other judges concur.