Dempsey v. Schawacker.

DEMPSEY *et al.*, *Appellants*, v. SCHAWACKER.

Division One, July 17, 1897.*

1. **Referee:** SPECIAL FINDING OF FACT. The conclusions of a referee on questions of fact in law cases, and the confirmation thereof by the circuit court, stand in the nature of special findings, and when supported by substantial evidence will not be reviewed on appeal.

2. **Pleading:** EVIDENCE ON A QUANTUM MERUIT. The reply of the plaintiff, being the last pleading required or allowed under the code, defendant is entitled to introduce any competent evidence in rebuttal of that offered in support of the reply.

3. **Contract:** RIGHT TO ABANDON: BOND FOR FAITHFUL PERFORMANCE. The contract to construct a livery stable provided for the payment of installments as the work progressed. Plaintiffs gave bond for the faithful performance of the contract and for the payment of all mechanics' liens. Among other things the bond provided that in case the plaintiffs failed to pay and satisfy all lien claims, defendant could retain from the installments enough money to pay and satisfy such claims and demands. When the fourth installment became due there was outstanding lien claims to the amount of the balance due on the contract and defendant refused to pay the installment and plaintiff abandoned the work. *Held*, that the defendant had the power under the contract to withhold the fourth and also the final payment from the plaintiffs and apply it to the payment of the lien claims outstanding against the building, and that this constituted no breach of the contract on defendant's part and plaintiff's abandonment of the work for that reason was not justifiable.

4. **Subcontractor:** JUDGMENT AGAINST OWNER OF PROPERTY. In mechanics' lien cases a judgment of a subcontractor, laborers or material men against the contractor, who has been duly served with process, is conclusive upon the contractor in an action by the landowner against the contractor to recover the amount of such judgment which the owner as such has been compelled to pay.

*NOTE.—Decided January 26; rehearing allowed and case finally decided July 17, 1897.

5. **Attorney's Fees**: SET-OFF. On a *quantum meruit* for labor performed and materials furnished, defendant is entitled to a set-off for attorney's fee paid for defending a suit by a subcontractor against plaintiffs as contractors, and defendant as owner of the property, plaintiff having failed to employ counsel or make defense to the suit.

6. ————: EVIDENCE OF REASONABLENESS. There was no evidence offered to prove that the attorney's fee was reasonable, the only evidence being the record of the proceedings in the case. From this the referee found the charge to be reasonable. *Held*, that the evidence was sufficient to sustain the finding; the referee, being a practicing attorney, had a knowledge of the value of the service rendered and a right to apply his knowledge to the facts proven.

7. **Interest**: WHEN COMMENCES TO RUN. A party is entitled to interest on an account, from demand, if one is made; otherwise, from the service of process; or in the absence of proof of date of service, from the commencement of the suit.

8. ————: REMITTITUR OF EXCESSIVE INTEREST. A *remittitur* will be allowed for excess of interest when it is a mere matter of calculation and will better protect and preserve the rights of the parties.

*Appeal from St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED ON REHEARING.

*H. A. Loevy, C. G. B. Drummond* and *W. H. Phelps* for appellants.

(1) Appellants are entitled to recover the reasonable value of the work contracted for on a *quantum meruit*, even if it exceeds the contract price. *Kelly v. Rowane*, 33 Mo. App. 443; *Fitzgerald v. Hayward*, 50 Mo. 524; *McCullough v. Baker*, 47 Mo. 40; *Yeats v. Ballentine*, 56 Mo. 538; *Ahern v. Boyce*, 19 Mo. App. 555; s. c., 26 Mo. App. 564. (2) If there was any waiver by the appellant it was conditional on the future performance by the respondent of his contract, and when the respondent afterward failed to perform the waiver, if any, was released, the condition on which it is presumed it was made having been broken. *Fitz-*

gerald v. Hayward, 50 Mo. 516; Park v. Kitchen, 1 Mo. App. 358; Weber v. Ins. Co., 5 Mo. App. 56; Stark v. Hurd, 41 N. Y. S. R. 779. (3) The finding that respondent paid $3,462.77 in satisfaction of the subcontractors' lien judgments is erroneous. Douglas v. Stephens, 18 Mo. 362; Picot v. Signaigo, 22 Mo. 587; Casey v. Gunn, 29 Mo. App. 14; Hoyt v. Greene, 33 Mo. App. 213; Railroad v. McGrew, 104 Mo. 291. (4) The referee's finding sustaining the eight pleas of res adjudicata is erroneous. Bigelow on Estoppel, pp. 80, 99; McMahan v. Geiger, 73 Mo. 149; Bank v. Bartle, 114 Mo. 281; Union Co. v. Traube, 59 Mo. 362; Ridgley v. Stillwell, 27 Mo. 132; Dickey v. Heim, 48 Mo. App. 119; Taylor v. Larkin, 12 Mo. 103. (5) The refusal by the referee to allow appellants interest on amount he found due them is erroneous. Compton v. Johnson, 19 Mo. App. 94; Southgate v. Railroad, 61 Mo. 95; Phillips v. Laclede Co., 76 Mo. 70; Bain v. Clark, 39 Mo. 256. (6) Where work is done under a special contract, and suit is brought thereon, the party suing can not recover unless he shows strict compliance with the contract. Halpin v. Manny, 33 Mo. App. 388; Eyerman v. Cemetery Ass'n, 61 Mo. 489; Davis v. Brown, 67 Mo. 314. (7) Where the evidence as to certain facts is uncontradicted, the referee is bound to find that fact according to the evidence.

W. B. Thompson for respondent.

(1) All issues of fact have been settled by the findings of the referee, confirmed by the action of the circuit court, and this court will not interfere with these findings. Woodrow v. Younger, 61 Mo. 395; Smith v. Crews, 2 Mo. App. 269; Bank v. Tamblyn, 7 Mo. App. 571; Roemmich v. Wamsganz, 8 Mo. App. 576; Wiggins Ferry Co. v. Railroad, 73 Mo. 389. (2) In

the review of the finding of a referee in an action at
law, this court is limited to the inquiries, whether the
referee's findings of fact are sustained by substantial
evidence and whether the conclusions of law applied
by him to these findings are correct. *Western Brass
Mfg. Co. v. Mepham*, 64 Mo. App. 50; *Lingenfelder v.
Brewing Co.*, 103 Mo. 578; *Vogt v. Butler*, 105 Mo.
479. (3) There was no error in the referee allowing
the judgments, interest and costs thereon, paid by
respondent, because such judgments were *res ad-
judicata*, and as to all of the questions involved the
appellants were concluded by the litigation wherein
they actually participated, and it was their duty to
protect the respondent, who had been notified of these
suits. *McCorkle v. Miller*, 64 Mo. App. 158; *Hoyt v.
Greene*, 33 Mo. App. 205; *McFall v. Dempsey*, 43 Mo.
App. 369; *Young v. Byrd*, 124 Mo. 597. (4) The
claim that interest was not allowed appellants in this
case can not be sustained. The only interest that was
allowed in the case was the interest upon the judg-
ments that had been paid and satisfied by respondent
and which bore interest under the law of the State.

MACFARLANE, J.—This is an action on a *quantum
meruit* for work done and materials furnished in the
construction by plaintiffs for defendant, of a livery
stable in the city of St. Louis, and for a mechanics'
lien on the property for $2,748.12, the balance claimed
to be due.

Defendant pleaded a special contract under which
plaintiff undertook to furnish the material and construct
the building in question for the sum of $8,369, and
charges an abandonment of the work without cause
before completion, and asked judgment for $3,267 as
damages for breach of the contract. He also sets up a
counterclaim for $3,267, the amount he charges he was

required to pay above the contract price, to complete the building. He also pleads the payment of a number of mechanics' liens held by subcontractors and material men against plaintiffs as contractors, and the property of defendant.

Plaintiff by reply denies the voluntary abandonment of the contract, but charges that they were unable to perform it on account of the continued inter-. ference by defendant with the work and their employees, and on account of the failure and refusal of defendant to pay stipulated sums as they became due.

The case was sent to a referee who took the evidence and reported to the court his conclusions of law and fact.. After carefully considering each controverted item in the accounts of the parties and passing upon them separately, the referee made the following summary of his conclusions:

RECAPITULATION.

| | |
|---|---:|
| Finding for plaintiff's work covered by contract..:.... | $9,285 80 |
| For extra work.......................................... | 468 97 |
| Total................................................... | $9,754 77 |

FINDINGS FOR DEFENDANTS.

| | |
|---|---:|
| Amount paid plaintiffs or their orders during progress of work............................................ | $ 5,722 19 |
| Amount paid subcontractors' judgments ...... ....... . | 3,462 77 |
| Amount paid to finish work........... .. ............. | 1,986 41 |
| Attorney's fee........................................ | 300 00 |
| Total................................................. | $11,471 37 |

"Inasmuch, however, as I have found that plaintiffs were not justified in abandoning the work, they can not recover beyond the contract price, which is $8,369."

By allowing them the contract price, plus extras, and charging them with payments made to them, to satisfy the subcontractors' judgments, and what it cost

to finish the building, and attorney's fees in *McLaughlin* case, the true state of the account is arrived at as follows:

#### FINAL FINDINGS FOR PLAINTIFFS.

| | |
|---|---:|
| For work done under contract price | $8,369 00 |
| For extra work | 468 97 |
| Total | $8,837 97 |

#### FINDINGS FOR DEFENDANTS.

| | |
|---|---:|
| Paid to plaintiff's order | $ 5,722 19 |
| Subcontractors' judgments | 3,462 77 |
| To finish building | 1,986 41 |
| Attorney's fee | 300 00 |
| Total | $11,471 37 |
| Add interest on judgments as found, ante | 1,008 84 |
| Total | $12,480 21 |
| Excess allowed defendant | 3,642 34 |

"I accordingly recommend that judgment be entered in favor of defendant for the sum of three thousand, six hundred and forty-two dollars and thirty-four cents ($3,642.34), with interest from November 20, 1893, at six (6) per cent and costs."

Exceptions to the report, covering nearly every special finding of the referee, and controverting the conclusions reached, were filed by plaintiffs. These were considered by the court and overruled, the report was thereupon approved and judgment rendered in accordance therewith. Plaintiffs appeal.

I. Plaintiffs make serious complaint to the finding of the referee that they were not justified in abandoning the work from any interference, or other act or omission on the part of the defendant, yet they do not claim that the finding in that particular was not supported by substantial evidence. A large part of the brief of counsel is devoted to a consideration of questions of fact.

The report of the referee shows a very fair and thorough consideration of the case made, and all his conclusions of fact are well sustained by the evidence. The report, and the findings of fact clearly stated therein, were reviewed by the circuit court upon the most explicit exceptions thereto made by plaintiffs, and the report was approved and confirmed.

The conclusions of a referee on questions of fact in law cases, and the confirmation thereof by the circuit court, stand in the nature of special findings, and if supported by substantial evidence will not be reviewed on appeal. *Franz v. Dietrick*, 49 Mo. 95; *Berthold v. O'Hara*, 121 Mo. 88.

It is true the referee considered, separately, each act of alleged interference with the work on the part of defendant, and found it insufficient to authorize an abandonment, but did not expressly sum up their united effect, that is, whether all taken together were sufficient, yet we must assume, from the general conclusion that "plaintiffs were not justified in abandoning the work," that the entire evidence was considered.

II.   The referee finds that certain changes in the order of the work and in the specifications were insisted upon and required by defendant but that plaintiffs, at the time, made no objection to the changes and did not quit work on account of them.   Plaintiff insists that evidence of a waiver was not admissible under the pleadings.

The question under the pleading is whether plaintiff had good cause to abandon the work.   The ground for the abandonment is stated in the reply of plaintiff, which is the last pleading required or allowed by the code.   Defendant is therefore entitled to introduce any competent evidence in rebuttal of that offered in support of the reply.   We think it was competent, therefore, for defendant to prove that plaintiff consented, at

'the time, to the interferences complained of as grounds for quitting the work.

But the referee expressly finds that plaintiff abandoned the work for the reason that defendant refused to make payments for certain amounts claimed at the time to be due. We must take this finding of fact as conclusive upon us.

III. The contract provides for the payment of installments as the work progressed. The first and second, consisting of $2,800, were paid as they respectively became due. The third installment of $2,500 was overpaid by $422.14. The fourth installment was for $1,000, deducting from which the over-payment of the third left $577.86 due. This balance defendant refused to pay. The last installment of $2,069 is made payable under the contract on the completion of the work.

Plaintiffs gave a bond for the faithful performance of the contract and for the payment of all mechanics' liens.

In respect of the payment of the contract price, there was an express provision that the wages of laborers, and the claims of those furnishing materials should be satisfied "so that they should have no lien upon said building and works, and in case the said parties of the second part shall fail to pay and satisfy all and every claim and demand against said building as aforesaid, the said party of the first part, if he deems proper so to do, may retain from the moneys due and coming to said parties of the second part, enough to pay and satisfy such claims and demands, it being, however, understood that nothing herein contained shall in any way be construed as impairing the right of the said party of the first part to hold the said parties of the second part or securities liable on their obligatory bond for any breach of the condition of the same."

On refusal of defendant to pay the balance on the

fourth installment, and for that reason, plaintiffs abandoned the work.

The referee found that at the time this installment became due there were outstanding lienable claims exceeding in amount the entire balance that would be due on the completion of the building under the contract, and that defendant was justified in refusing, further payments until these demands had been paid. Plaintiffs on the other hand insist that the bond was intended to protect and indemnify defendant against these claims and the right to withhold payments applies only to the final installment.

The referee declared the law to be that defendant had the power under the contract to withhold the fourth and also the final payment from plaintiffs, and to apply it as far as it would go to the payment of the lienable claims against his building, and that this constituted no breach of contract on his part, and that plaintiffs' abandonment of the work because of this was not justifiable.

We entirely agree with the referee in his construction of the contract. It very clearly appears from the contract that the right to withhold payments in the circumstances mentioned was intended as a provision, in addition to the bond, for the protection of defendant, and laborers and material men.

IV. The referee, in making up the accounts between the parties, gave defendant credit for the payment of a number of mechanics' lien judgments against plaintiffs, as contractors, and against the property of defendant, without further proof of the correctness of the account adjudicated than the judgments themselves afforded.

In this we think the referee was right. In mechanics' lien cases a judgment of a subcontractor, laborers or material men, against the contractor, who has been

duly served with process, is conclusive upon the contractor in an action by the owner against him to recover the amount of such judgment which the former, as such owner, has been compelled to pay in order to protect his property. In such case the identical question of liability is litigated, the contractor being a party to the suit, has a right to control the proceedings, and is liable over to the owner who may be required to pay the judgment. R. S. 1889, sec. 6725; *Strong v. Ins. Co.*, 62 Mo. 299; *State ex rel. v. Branch*, 134 Mo. 592; 36 S. W. Rep. 226; *City of St. Joseph v. Railroad*, 116 Mo. 643.

V. The referee allowed defendant the sum of $300, the amount of fees paid to attorneys for defending a suit of McLaughlin, a subcontractor, against plaintiffs, as contractors, and defendant as owner of the property.

Plaintiffs made no defense to this suit and defendant employed and paid counsel and made defense. The case was decided in favor of McLaughlin by the circuit court, and defendant appealed to the court of appeals where the judgment was affirmed.

We think defendant had the right to defend the action, plaintiff failing to do so, and to recover reasonable counsel fees necessarily paid.

While the suit was against the defendant, as well as the plaintiffs, it was the duty of the latter to defend it at their own expense. When they neglected this duty and defendant, for the protection of his own property, was compelled to make the defense, the expense should be borne by plaintiffs, whose default caused the litigation. Attorney's fees are a necessary part of the expense. Sec. 6725; *State ex rel v. Tittmann*, 134 Mo. 162; 35 S. W. Rep. 579, and authorities cited.

VI. No evidence was offered by either side as to the reasonableness of the attorney's fee paid. The

only evidence before the court was the record of the proceedings in the case. From this alone the referee found the charge reasonable.

It is now insisted by plaintiffs that there was no evidence to sustain the charge.

The record of the proceedings in the case was evidence of the services rendered; indeed, it was the best evidence of that fact. The referee was himself a practicing attorney and member of the bar of the St. Louis Circuit Court. As a practicing lawyer in the courts in which the proceedings were conducted he had knowledge of the value of the services rendered and had the right to apply his knowledge to the facts proved. The evidence was sufficient to sustain the finding.

VII. Counsel complain that the referee and court committed error in failing to allow plaintiffs interest on their demand from the commencement of the suit. The amount of plaintiffs' demand was found to be $8,837.97. Defendant paid prior to the commencement of the suit:

To plaintiffs' order.............................................$5,722 19
To finish building....... . ....... . ................... 1,986 41
Attorney's fees ...................................... 300 00

$8,008 60

This leaves an unpaid balance of........ ............. .. ....$ 829 37

This amount it is true was overpaid by the amount of the judgment satisfied by defendant, but the application was not made until the referee filed his report and until then the judgments bear interest. So far as these demands off-set each other interest should be allowed on both or neither. A party is entitled to interest on an account from demand, if one is made, otherwise from the service of process, or in the absence of proof of date of service, from the commencement of

the suit. Plaintiffs are entitled to an allowance of in-- terest on $828.78 from September 17, 1887, the date of commencing the suit, at six per cent.

A careful examination of the record and briefs of counsel discloses no other error.

The judgment is reversed and the cause remanded with direction to enter judgment on the report of the referee with interest thereon to date, less the allowance of interest to plaintiffs as above indicated.

All the judges of this division concur, except ROB-INSON, J., who is absent.

### ON REHEARING.

Defendants ask leave to remit the interest on the sum of $829.37 from the commencement of the suit, September 17, 1887, to the date of the circuit court judgment April 25, 1894, and that the judgment for the correct amount be affirmed. On consideration we are of the opinion that such a course may better protect and preserve the rights of the parties and a *remittitur* will therefore be allowed, as the amount is a mere matter of calculation. And defendants now entering a *remittitur* for the amount of such interest, to wit, the sum of $328.52, which deducted from the amount of the judgment as rendered, to wit, $3,733.39, leaves the correct amount of the judgment at $3,404.87, as of April 25, 1894, and for that sum the judgment is affirmed, respondent to pay the cost of the appeal, including cost of printing abstract.