LINCOLN TRUST COMPANY, Administrator *de bonis non* of the Estate of JOHN W. PARLE, Deceased, Appellant, v. JOHN H. TRACY, Executor of JOSEPH H. TIERNAN, Deceased, et al., Respondents.

St. Louis Court of Appeals, November 29, 1898.

Trustee: TRUST FUND: LIABILITY OF TRUSTEE. The law in this state now is, that where one is clothed with a double fiduciary capacity, if one trust is fully executed and the amount of the trust fund authoritatively and definitely ascertained, the trustee may by an unequivocal act change his liability for the fund from one trust to the other, provided he has the trust money or property in hand, or if he then or afterwards segregates the amount from his general estate.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel D. Fisher, Judge.

Affirmed; Judge Bond concurring in the result.

Fisse & Kortjohn for appellant.

To say that this proceeding can not be maintained because of the want of any order of distribution in the homestead case, final in its nature, is to say that there can never be an action against a trustee, so long as the amount for which he is accountable remains uncertain, even though he has in his own hands, and within his own command, all of the facilities to render certain the amount of his liability. Such a rule of law has never been erected, and can not be tolerated. Practically the argument comes to this: That Tiernan as executor is not liable because he never gave to himself as special commissioner a receipt signed by himself as executor, although he had the money and actually used a portion as executor to pay debts of the estate. It is unnecessary to cite any authority to the court in support of the plaintiff's contention in this case, except the case of Tittman v. Green, 108 Mo. 22. In that case it is said (page 39): "It was decided by this court, in State to use v. Hurst, 12 Mo. 365, that when the same person is executor of an estate and guardian of a distributee, and there is nothing to show in which capacity he holds funds, after payment of debts and settlement of the estate, he will be presumed to hold them as guardian (citing cases)." There is no doubt from the general tone of the opinion of the court in the case mentioned, that if it had not been for particular evidence that rendered it unnecessary to apply the rule of the case from which the question is made, they would have

applied that rule against the defendants before them. But in view of the particular facts shown by the record, concerning the action of Branch, in the case mentioned, the court said (page 40): "But in our view of this case it is unnecessary to invoke a presumption so strong. The authorities, with great unanimity, agree that where the same person succeeds himself in a different fiduciary relation, or where they both exist at one time, if he is clearly entitled to the trust funds in his new capacity he is entitled to make the election, and, if he does so by some affirmative unequivocal act, from that time he will be required to account in his new trust relation.

LUBKE & MEUNCH for respondent.

Whether looked upon as a *scire facias* proceeding or as based upon a statute "for the recovery of money" the case at bar is one triable by jury. Simpson v. Watson, 15 Mo. App. 425. And although the parties waived a jury, the finding of the court in favor of the defendants was equivalent to the verdict of a jury. Spurgeon v. West, 23 Mo. App. 43; Harrison v. Bartlett, 51 Mo. 170. And when an issue of fact has been determined by the verdict of a jury in a case where there is conflict in the evidence and the trial court has refused a new trial the appellate court will not interfere. Cook v. Mayfield, 73 Mo. App. 309. The burden was upon plaintiff to show by evidence that at Tiernan's death he had money in his hands as executor or that money had come into his hand as such and remained unaccounted for. This is the statute (R. S. 49, p. 133). Proof that Tiernan, at the time of his death, either had in hand moneys as special commissioner or that he had received moneys as commissioner and failed to account therefor was not sufficient. And the liability

of his sureties as executor can not legally be extended so as to include liability for his acts and omissions as special commissioner.   Sureties can be held only according to the strict letter of their undertaking, and are entitled to stand upon the very terms of their bond and its precise language.   Bauer v. Cabanne, 105 Mo. 110;  Erath v. Allen, 55 Mo. App. 107, and numerous cases cited; City of Harrisonville v. Porter, 76 Mo. 358. In the absence of proof showing that the funds received by Tiernan as special commissioner were transferred to himself as executor no liability thereof attached to him and his securities in the latter capacity.   State to use Martin v. Harbridge, 43 Mo. App. 16;  State to use Marion Co. v. Johnson, 55 Mo. 80; State ex rel. Hospes v. Branch, 112 Mo. 668;  126 Mo. 438; 134 Mo. 592.   The holding of the supreme court in Tittman v. Green, 108 Mo. 365, that when the same person is executor of an estate and guardian of a distributee and there is nothing to show in which capacity he holds funds after payment of debts and settlement of the estate he will be presumed to hold them as guardian, was overruled in the late case of State ex rel. Hospes v. Branch, 112 Mo. 668;  126 Mo. 448, and 134 Mo. 592, and has therefore ceased to be authority.

BIGGS, J.—Joseph H. Tiernan, now deceased, was the executor of the last will of John W. Parle.   The respondents herein are the sureties on his bond as executor.   At the time of his death Parle owned a house and lot in the city of St. Louis.   During the course of the administration of his estate, his widow instituted a proceeding in the circuit court, for the purpose of having her homestead set apart.   The court decided that the property could not be divided in kind, and an order was made for its sale.   Tiernan was appointed special commissioner to make the sale.

He gave bond as such, and two of the respondents herein signed as sureties on that bond. R. D. Lancaster, the other surety on the executor's bond, did not sign the commissioner's bond. Tiernan sold the property to Mrs. Parle for $9,025. He reported to the circuit court that the property had been paid for in cash, and there upon the sale was approved. After deducting the costs and the value of the homestead interest, there was a large balance in the hands of Tiernan, which it was conceded was required to pay the debts of Parle's estate, and which was properly payable to Tiernan as executor. For the purposes of this case it was admitted at the trial that Tiernan had failed to account for $1,761.28 of the money. Tiernan died without finally settling the Parle estate, and the Lincoln Trust Company was appointed administrator *de bonis non* of this estate. Subsequently the trust company instituted this proceeding in the probate court against the executor of the estate of Tiernan and the sureties on his bond as executor for an accounting. (R. S. 1889, sec. 49). The contention of the trust company is, that under the law and the facts it must be presumed that at the time of his death Tiernan held the balance of the fund as executor and not as commissioner, and that therefore the sureties on his bond in the former capacity are responsible for the devastavit. On the other hand Lancaster (who alone defended against the action) claims that there had never been a legal transfer of the funds, and hence the sureties on Tiernan's bond as commissioner are alone liable. In the probate court the finding and judgment were for the trust company. On appeal to the circuit court the judgment was in favor of Lancaster. From that judgment the trust company has appealed to this court.

The facts are these: After the report of sale in the proceeding to set aside the homestead, the circuit

court made the following order as to the distribution of the proceeds to wit: The court "doth order and direct and adjudge, that out of the proceeds of the sale heretofore had, there shall be paid first, the costs and expenses of this suit and of the sale heretofore made; that next, there shall be paid unto the plaintiff the present worth of her homestead interest in the said premises, that is to say, the present worth of an annuity for the period of her natural life equal to the annual income of $3,000 invested at 5 per cent interest per annum, and the remainder of such proceeds shall be paid over to the defendant Joseph H. Tiernan as executor, etc." In the settlement with Mrs. Parle concerning the purchase of the real estate Tiernan accepted as so much cash an allowed demand of $2,849 against the Parle estate. About and subsequent to that time Tiernan also paid other debts in excess of assets other than the money arising from the sale of the real estate, in the sum of over $2,000. In the subsequent and last annual settlement of his accounts as executor in the probate court made in September 1894, and after the settlement with Mrs. Parle, Tiernan did not charge himself with any portion of the money arising from the sale of the land; neither did he take credits for the amount of the claim of Mrs. Parle which he had paid. This settlement showed a balance due him of $2,227.11. His individual books in respect of the transaction pertaining to the commissionership show the true state of the accounts, that is that he accepted the allowed demand of Mrs. Parle in part payment of the purchase money of the house and lot. This latter account was made up on August 13, 1894, the date of the settlement with Mrs. Parle. In his accounts with the estate as executor the individual books of Tiernan show that under date of November 20, 1894, he took credit for the amount of the demand

EVIDENCE.

of Mrs. Parle. There was also evidence to the effect that Tiernan kept no separate deposit of the money received from Mrs. Parle, but mixed it with his individual funds. There was also evidence that at the time he received the money he was solvent. Tiernan died insolvent, and it is conceded that he was guilty of a conversion of a portion of the funds which came into his hands.

The question is, in what capacity did Tiernan hold the money when the waste was committed? The law in this state now is, that when one is clothed with a double fiduciary capacity, if one trust is fully executed and the amount of the trust fund authoritatively and definitely ascertained, the trustee may by an unequivocal act change his liability for the fund from one trust to the other, provided he has the trust money or property in hand, or if he then or afterwards segregates the amount from his general estate. State ex rel. Branch, 126 Mo. 448; *Ibid*, 134 Mo. 592. Applying this rule to the undisputed facts in the case at bar and it is evident that the judgment of the circuit court must be affirmed. In the first place it is questionable whether the amount of money in Tiernan's hands as commissioner, and to which he was entitled as executor, was at any time authoritatively. The circuit court in its order of distribution did not ascertain the amount. It is true that the court fixed the basis of the computation, but it did not make the computation. But if this point be conceded to the appellant its appeal must fail when the other test is applied. The first unequivocal act of Tiernan showing an intention to charge himself with the funds as executor was in November, 1894, when in writing up his account as executor on his individual books he took credit for the amount of the allowed demand of Mrs. Parle. This was four months after the

receipt of the money by him as a commissioner and long after he had mixed it with his individual funds. The test is, the trustee must have the money in hand ready to make the transfer from one account to the other, or if he had carried the fund into his individual business it must appear that he subsequently withdrew or segregated the amount for the purpose of making the transfer. As to these facts there is no proof whatever. The evidence only went so far as to show at that time Tiernan was solvent, which under the latter decisions is not sufficient. The supreme court in the case of Tiernan v. Green, 108 Mo. 22, so held, and it was doubtless upon the rulings in that case that the judge of the probate court based its finding.

The judgment of the circuit court will be affirmed. Judge BLAND concurs; Judge BOND concurs in the result.