[Civ. No. 2202.  Third Appellate District.—April 30, 1921.]

In the Matter of the Estate of CONRAD ISER, Deceased. C. W. BAKER et al., Appellants, v. ADAM KELLER, Respondent.

[1] ESTATES OF DECEASED PERSONS—ALLOWANCE OF ATTORNEY'S FEES —DISCRETION.—In making an allowance of attorney's fees for professional services rendered in behalf of estates of deceased persons, the trial court is clothed with a large discretion, which is always regulated or controlled by the showing directly made before it.

[2] ID.—EVIDENCE—OPINION OF EXPERTS.—The trial court in exercising its discretion · in the matter of the allowance of attorney's fees for professional services rendered in behalf of estates of deceased persons is not bound by the opinions of professional witnesses as to the value of such services.

[3] ID.—ALLOWANCE OF FEE FOR EXTRAORDINARY SERVICES—DISCRETION NOT ABUSED.—Upon this appeal by attorneys at law from an order allowing them a fee for extraordinary services rendered an executor, it cannot be justly declared upon the record that the compensation awarded is so grossly inadequate, when compared to the services performed, as to justify a holding that, in fixing the same, the trial court transcended the bounds of a sound or reasonable legal discretion in the matter.

APPEAL from an order of the Superior Court of Sacramento County allowing an attorney's fee for extraordinary services in a probate proceeding. · Charles O. Busick, Judge. Affirmed.

---

2.  Admissibility of expert evidence upon question of value of attorney's services, notes, 20 **Ann. Cas. 53; Ann. Cas.** 1914D, 369.

The facts are stated in the opinion of the court.

C. W. Baker and R. Platnauer for Appellants.

White, Miller, Needham & Harber and C. E. McLaughlin for Respondent.

HART, J.—This is an appeal by C. W. Baker and R. Platnauer, attorneys for John Gerber, as one of the executors of the last will of Conrad Iser, deceased, from an order allowing said attorneys a fee "for extraordinary services" professionally rendered by them for said Gerber, as such executor.

It appears that Adam Keller, coexecutor with said Gerber of the last will of said Iser, deceased, brought an action in the superior court in and for the county of Sacramento, against said Gerber, as such executor, upon two claims against the estate of said deceased aggregating the sum of $10,380, of which the sum of $10,140 was for services for nursing the deceased during the last few years of his life, he being aged and an invalid during said years, and the sum of $240 was for "looking after and attending to the business and financial affairs of the decedent." The appellants were employed by Gerber to represent him, as the executor of the will of the deceased, in said action.

The trial of the action resulted in a judgment in favor of Keller in the sum of $5,070, or $5,310 less than the amount for which he sued. A motion for a new trial was in due time made and the same was denied. An appeal from the judgment was prosecuted by appellants on behalf of said Gerber, as such executor, through the appellate and supreme courts and the judgment was affirmed.

One of the appellants testified before the court in this proceeding respecting the amount of labor performed by them in the defense of the action and in prosecuting the appeal to a finality through the appellate and supreme courts. Thus it was made to appear that, prior to the trial of said action, many important and "intricate" legal questions were raised by them preliminarily to the actual trial, that the preparation necessary to a proper presentation of said questions required much time and labor, that said legal questions having been decided by the court against

their position, many persons were thereafter interviewed
with a view to their introduction as witnesses at the trial
on behalf of defendant, that the trial of the action con-
sumed four days, that they (appellants) succeeded in se-
curing a judgment therein reducing the amount sued for
to approximately one-half thereof and that an appeal, with
the necessary incidental labor thereof, was taken and prose-
cuted by appellants, with the result as above stated. The
record of the action on appeal was also received in evidence.

In addition to the above testimony, two attorneys, mem-
bers of the Sacramento bar, and of high personal and pro-
fessional character, were called by the appellants as wit-
nesses, and testified that, having heard the statement before
the court of one of the appellants, setting forth in detail
the amount of labor which had been performed by them in
the case, in their opinion the value of the services ren-
dered by appellants in said action was from $1,250 to $1,500.
There was no other testimony than this as to the value of
the services of appellants offered or received before the
court in this proceeding.

The question which we are required to determine upon
this appeal upon the record as made herein, and of which
the above is in substance a recapitulation, is whether, in
making the order from which this appeal is prosecuted, the
court below abused its discretion. In other words, to jus-
tify us in holding that the court below erred to the preju-
dice of appellants in its allowance of attorneys' fees for
professional services rendered by appellants in the action
referred to, we must be prepared to say that such allowance
is, upon its face, so far out of proportion to the value of
the services rendered as to constitute the making of the
order of allowance a clear or manifest abuse of judicial
discretion. After a painstaking consideration of the ques-
tion thus propounded, we have not been able to satisfy
ourselves that it can justly be held that the order com-
plained of involved an abuse of the discretion with which
trial courts are invested in disposing of such matters as the
one now before us. If the application for the allowance of
attorneys' fees had been directly made before and the
evidence directly heard by us, we might have ordered the
payment of a fee in excess of that allowed. [1] But we
are here reviewing an order in the making of which, as is

declared by the supreme court in *Freese* v. *Pennie,* 110 Cal. 467, [42 Pac. 978], the trial court is clothed with a "large discretion," which is always regulated or controlled by a showing directly made before the court to which it is committed.

[2] It has repeatedly been held that the trial court, in exercising its discretion in the matter of the allowance of attorneys' fees for professional services rendered in behalf of estates of deceased persons, is not bound by the opinions of professional witnesses as to the value of such services. In *Estate of Dorland,* 63 Cal. 281, the court said: "The [trial] court was authorized to compare its own judgment as to such value with the opinions of witnesses and make such allowance as should be just."

In *Spenser* v. *Collins,* 156 Cal. 298, 306, 307, [20 Ann. Cas. 49, 104 Pac. 320, 323] the court said: "The position of these appellants is, apparently, that before a court can find the value of professional services it must have before it the testimony of experts to the effect that certain services are of certain value. But this is not the law. The testimony of experts is, of course, admissible to prove the value of attorneys' services. (*Forsyth* v. *Doolittle,* 120 U. S. 73, [30 L. Ed. 586, 7 Sup. Ct. Rep. 408, see, also, Rose's U. S. Notes]; *Louisville* v. *Wallace,* 136 Ill. 87, [26 N. E. 493].) But the opinions of experts in such cases are not binding upon the jury, who may apply to the testimony 'their own experience and knowledge of such services.' (*Head* v. *Hargrave,* 105 U. S. 45, [26 L. Ed. 1028]; *Forsyth* v. *Doolittle,* 120 U. S. 73, [30 L. Ed. 586, 7 Sup. Ct. Rep. 408, see, also, Rose's U. S. Notes]; *Estate of Dorland,* 63 Cal. 281; *Schlesinger* v. *Dunne,* 36 Misc. Rep. 529, [73 N. Y. Supp. 1014].) . . . If the jury may form a judgment as to the value of services in opposition to the opinions of experts, it necessarily follows that the testimony of experts is not essential. And so it has been held in cases tried before a jury (*Bourke* v. *Whiting,* 19 Colo. 1, [34 Pac. 172]; *Gibbons* v. *Missouri Pac. R. R. Co.,* 40 Mo. App. 146), as well as with respect to issues determined by a court or referee. (*Noftzger* v. *Moffett,* 63 Kan. 354, [65 Pac. 670]; *Dempsey* v. *Schawacker,* 140 Mo. 680, [38 S. W. 954, 41 S. W. 1100].) If this doctrine is applicable to jury trials, there is much more reason for applying the

doctrine in cases tried before a court. The value of an attorney's services is a matter with which a judge must necessarily be familiar. When the court is informed of the extent and nature of such services, its own experience furnishes it with every element necessary to fix their value.''

In *Head* v. *Hargrave,* 105 U. S. 45, [26 L. Ed. 1028] (erroneously cited in respondent's brief as in the 150 U. S. 45), was an action to recover the sum of $2,000, alleged to be due the plaintiffs from defendants for professional services as attorneys. The action was tried by jury, who gave plaintiffs a verdict for $1,800. There were several attorneys who testified at the trial and gave their opinions as to the value of the services rendered by plaintiffs for defendants. The opinions of these witnesses upon the question of the value of the services were widely divergent, the highest estimate being $5,440 and the lowest $1,000. The trial court in effect instructed the jury that, in determining the question before them, their judgment was to be controlled by the opinions of the attorneys testifying upon the question · of the value of the services rendered by plaintiffs, thus foreclosing the right of the jury to exercise their own ''knowledge or ideas'' upon the value of such services. Upon appeal, the case was reversed because of the giving of said instruction, the higher court declaring that, while the jury in such a case, as in all cases, should be confined, in determining such an issue, to a consideration alone of the evidence adduced before them, at the same time they were not to be precluded from exercising their own judgment of the facts upon which the opinions of the experts were founded. In other words, it was therein, in effect, held that, while such expert testimony is admissible in the trial of such an issue, it was within the legal province of the jury to set up and act upon their own judgment, even in opposition to the opinions of the experts, upon the question of what the evidence showed would be the reasonable value of the services rendered.

The rule stated in the authorities referred to above has been so frequently applied in the cases and is so definitely settled that further citation is unnecessary. Many of the cases are named in the briefs, both of the respondent and the appellants.

In the instant case, as we have seen, the facts relative to the nature and the extent of the services rendered by the appellants for the estate of the deceased, Iser, were given in detail before the court, and the latter, equally with the attorneys who gave their opinions as to the value of the services performed by appellants, had available to it an opportunity to consider and weigh those facts by means of the usual tests whereby the weight of testimony can alone well be determined and so form its own judgment upon the question of the value of such services as so shown. The court had the right, as the authorities conclusively establish, to form a judgment regarding the matter at variance with the opinions of the expert witnesses. Indeed, it was within its province to reject entirely the opinions of the experts as a determining factor of the issue before it, not arbitrarily, of course, but in the exercise of the ample discretion with which it is invested in disposing of such questions. And here it is proper to observe that it is not to be assumed that the court, in fixing the value of appellants' services at a figure below those which the said attorneys were of the opinion were reasonable for the amount and the character of the services performed, intended to cast any reflection upon the integrity or question the good faith of the attorneys in the expression of their judgments as to such value. We assume, rather, that the court merely concluded, after due reflection upon the evidence addressed to the question of the nature and extent of the services performed, that the opinions of the lawyers were based upon a misconceived notion of the value of the services shown to have been rendered. In fact, with the knowledge which we know the trial judge must possess of the recognized enviable professional attainments and the known high personal character of said attorneys, we cannot, and will not, permit ourselves for a moment to encourage the belief that the judgment of the court below upon the value of the services was intended to carry with it the slightest imputation against the sincerity and honesty of the opinions ventured in this proceeding by the gentlemen in question.

[3] As before stated, however, it is plain to our minds that, while this court has just reason to express the highest regard for the learning and the untiring industry of the

appellants, and each of them, and are not ourselves prepared to say whether they were or were not actually paid enough for their labor, we cannot justly declare, upon the record before us, that the compensation awarded is so grossly inadequate, when compared to the services performed, as shown to and understood by the court below, as to justify us in holding that, in fixing the same, said court transcended the bounds of a sound or reasonable legal discretion in the matter. There is no showing, nor was there any attempt to show, that the court or the judge thereof, in arriving at the conclusion as to the value of said services, was influenced or motivated by bias or prejudice against the appellants; nor, it is clear from what has been said above, are we justified in declaring that the wide divergence of views as to the value of appellants' services between the experts and the court, as the views of the latter are evidenced by its finding of value, affords proof of such bias or prejudice.

We conceive it to be our duty to affirm the order, and it is so ordered.

Burnett, J., and Prewett, P. J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 31, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 27, 1921.

All the Justices concurred.