[L. A. No. 6735. In Bank.—August 19, 1921.]

In the Matter of the Estate of IDA B. PARKER, Deceased.

[1] ESTATES OF DECEASED PERSONS—ATTORNEY'S FEES FOR EXTRAORDINARY SERVICES—DISCRETION—APPEAL.—The allowance of attorney's fees for extraordinary services rendered in the probate of an estate rests largely in the discretion of the probate court, and its order will not be reversed or modified on appeal unless it clearly appears that there has been an abuse of discretion.

APPEAL from an order of the Superior Court of Orange County allowing attorney's fees for extraordinary services in a probate proceeding. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

Raymond E. Hoyt for Appellant.

John A. Harvey and S. M. Davis for Respondents.

LENNON, J.—This is an appeal by Raymond E. Hoyt, as the attorney for the executrix in the above-entitled estate, from an order of the court below granting in part only a petition for fees for extraordinary services rendered and extraordinary expenses incurred by said attorney in behalf of said estate. (Code Civ. Proc., sec. 1616.) The petition in question prayed for an allowance in the sum of $311.35, of

which $16.35 was for extraordinary expenses and the remaining $295 was claimed as a charge for extraordinary services rendered by petitioner to the estate. The court below upon a hearing of the petition made an order allowing the petitioner the sum of eighty-five dollars in full for the sums claimed to have been expended as extraordinary expenses and for attorney's fees for the rendition of extraordinary services. The uncontradicted evidence clearly shows that the extraordinary expenses, legitimately and necessarily incurred in the performance of services as attorney for the executrix of said estate, amounted to $16.35. Deducting this sum from the award of the court leaves $68.65 as the amount of the award for extraordinary services. It is contended that the order of the court is contrary to the undisputed facts in the case and an abuse of discretion which may, therefore, be reversed by this court.

[1] It may be conceded that upon the record before us the court below would have been warranted in allowing petitioner a much larger sum for his extraordinary services as attorney to the estate, but the allowance of attorney's fees for such services rendered in the probate of an estate rests largely in the discretion of the court in the first instance and will not be reversed or modified unless this court can plainly see and unequivocally say that the order under review is absolutely and unqualifiedly an abuse of discretion. (*Estate of Adams,* 131 Cal. 415, [63 Pac. 838] ; *Treadwell* v. *Treadwell,* 134 Cal. 158, [66 Pac. 197].) In other words, as was said very recently in *Estate of Iser* (Cal. App.), 198 Pac. 1014, ''to justify us in holding that the court below erred to the prejudice of appellants in its allowance of attorneys' fees for professional services rendered by appellants in the action referred to, we must be prepared to say that such allowance is, upon its face, so far out of proportion to the value of the services rendered as to constitute the making of the order of allowance a clear or manifest abuse of judicial discretion. After a painstaking consideration of the question thus propounded, we have not been able to satisfy ourselves that it can be justly held that the order complained of involved an abuse of the discretion with which trial courts are invested in disposing of such matters as the one now before us. If the application for the allowance of attorneys' fees had been directly made before and the evidence directly

heard by us, we might have ordered the payment of a fee in excess of that allowed. But we are here reviewing an order in the making of which, as is declared by the supreme court in *Freese* v. *Pennie,* 110 Cal. 467, [42 Pac. 978], the trial court is clothed with a 'large discretion,' which is always regulated or controlled by a showing directly made before the court to which it is committed."

The order appealed from is affirmed.

Angellotti, C. J., Shaw, J., Lawlor, J., Sloane, J., Shurtleff, J., and Wilbur, J., concurred.