[Civ. No. 10544. Second Appellate District, Division One.—June 16, 1936.]

In the Matter of the Estate and Guardianship of HARRY J. VAUGHAN, an Incompetent Person. PAUL NORMAN, Appellant, v. HARRY J. VAUGHAN, Respondent.

J. R. Klawans and George C. Watson for Appellant.

Robert H. Gillmore, G. Randolph Miller and Gerald C. Kepple for Respondent.

YORK, J.—This appeal raises only the question as to whether or not it was an abuse of discretion on the part of the trial court to make the order appealed from. An examination of the record discloses that it not only was not an abuse of discretion on the part of the trial court, but that the portions of the order from which this appeal is taken were properly made. In a probate matter it is particularly within the power of the trial judge, who has all of the records before him, to fix and determine what fees are proper. In the case before

us, the trial court, after fully considering all of the services rendered, together with the amount of money involved and the form of waiver made by appellant guardian, made the order now complained of, and it is not within the province of this court either to reverse or modify the same for any of the reasons urged by appellant.

Although it is true that the first waiver of compensation filed by the guardian waiving his right to receive any fees as such guardian was made at a time when he was secretary of the State Department of Institutions, the second waiver was filed by him some fourteen or fifteen days after he had ceased to occupy that official position, and was made when he was asking to have extraordinary fees allowed to his attorneys on the ground, as stated by him that " . . . your petitioner at the time of his appointment was a state official, to-wit: Secretary of State Institutions for the State of California, and as such, he personally waived any right to services as guardian in this matter. That he has relied upon counsel to aid and assist him in doing and performing the services as herein stated, and that your petitioner at this time respectfully prays for an order of this court allowing attorneys' fees to his counsel in the sum of Four Thousand ($4,000.00) Dollars, which he believes to be a fair and reasonable amount to be allowed, taking into consideration the size and extent of the estate, the legal services done and performed, and the fact that your petitioner is not asking this court for any fees for himself as guardian. Your petitioner further states that there is no intent or agreement by and between petitioner and counsel for any allocation of said attorneys' fees, except as herein stated."

Upon the hearing of this petition on June 4, 1934, the court made its order allowing $2,000 to each of said attorneys for services rendered, as set forth in said petition. Thereafter, upon filing the final account in said estate, the guardian for the first time asked that guardianship fees be allowed to him. The court, after hearing this petition, denied his application for any fees whatsoever, but did make a further allowance on account of attorneys' fees. These two waivers filed by the guardian are so broad in their scope that the order of the trial court refusing to allow any fees to appellant guardian, as such guardian, cannot be disturbed by this court.

Those portions of the order appealed from are, and each of them is, affirmed.

Houser, P. J., and Doran, J., concurred.