[Civ. No. 10801. Second Appellate District, Division One.—August 11, 1936.]

In the Matter of the Estate of MARGARET A. KEITH, Deceased. ALBERT C. ALLEN, Jr., Appellant, v. MYRON W. SILVERTON et al., Respondents.

[Civ. No. 10974. Second Appellate District, Division One.—August 11, 1936.]

In the Matter of the Estate of MARGARET A. KEITH, Deceased. ETHEL M. PEPIN, Appellant, v. MYRON W. SILVERTON et al., Respondents.

Lasher B. Gallagher for Appellants.

Myron W. Silverton and Seymour S. Silverton, *in pro. per.*, for Respondents.

YORK, J.—The respondents Silverton are attorneys at law, and were retained by the Security-First National Bank of Los Angeles, the duly qualified and acting executor of the last will and testament of Margaret A. Keith, deceased, to assist it in the administration of decedent's estate. The death of Margaret A. Keith occurred on April 28, 1933, and two years thereafter, to wit, April 24, 1935, said respondents filed their petition for an allowance of $9,736 as and for extraordinary services rendered in the administration of said estate during the period commencing April 29, 1933, to and including April 23, 1935. To this petition, appellant Allen, as residuary legatee, filed his objections, and the matter was heard by Florence M. Bischoff, court commissioner, sitting as judge *pro tempore.* After hearing the evidence, the court made an order allowing $5,000 for such extraordinary services, and sustaining objections to any and all amounts in excess of said $5,000. Appeal No. 10801 is taken from three items included in said order, to wit: Item No. 3, *Hooper* v. *Security-First National Bank,* involving a creditor's claim against the estate for $3,292, which was ultimately settled

for $50. The court found this to be an extraordinary service and that the reasonable value thereof was $875. Item No. 5, Venice Oil Lease, involving an oil lease and resulting in the collection of approximately $4,500 for the benefit of the estate. The court found this to be an extraordinary service and that the reasonable value thereof was $1700. Item No. 7, *Keith* v. *Hollywood,* involved a report of an attempted collection of a judgment in favor of decedent for $18,419.40. This the court found to be an extraordinary service and the reasonable value thereof to be $300.

On July 30, 1935, respondents Silverton filed a second petition for allowance of attorneys' fees in the amount of $3,000 for extraordinary services rendered in connection with the administration of said estate from April 24, 1935, to and including July 30, 1935. To this petition appellant Allen and respondent Pepin filed objections, and the matter was set down for hearing before Judge Thomas P. White, who, after hearing the evidence, made his order allowing $2,250 for extraordinary services and overruling and disallowing the objections of appellant Allen and respondent Pepin, except as to $750 of the $3,000 prayed for in the petition. Appeal No. 10974 is from this order and also from an order denying motion of appellant to set aside submission in said proceeding and to permit the introduction of further evidence in reference thereto.

In both appeals, appellant claims that certain services rendered were ordinary services which an executor is bound to perform and cannot delegate to an attorney; further, that the services rendered were not extraordinary services, but were such as should regularly be rendered in the administration of an estate; that they were of no benefit to the estate, and that certain allowances made were grossly excessive.

The first point made by appellant, that certain services should have been rendered by the executor and not by its attorney, refers particularly to services rendered in connection with Item No. 5, *In re Venice Oil Lease,* and Item No. 7, *In re Keith* v. *Hollywood,* set up in appeal No. 10801, and Item No. 6, *In re Venice Oil Lease,* set up in appeal No. 10974.

As to the services rendered in connection with the Venice Oil Lease, the court found that these services were extraordinary and beneficial to the estate, that they consumed a

great deal of time, necessitated a court appearance, a number of conferences and very extended correspondence.

As to the item *In re Keith* v. *Hollywood,* plaintiffs alleged that the services there rendered included, among other things, the contemplated institution of stockholders' liability suits, preparing briefs of the law in connection therewith, examination of indictment returned by the United States Government, and the court found that each of the services rendered was an extraordinary service and beneficial to the estate.

There is, therefore, no merit in appellant's first point. As to the other points made by appellant, we will dispose of them in the following discussion.

■ In a probate matter, it is particularly within the power of the trial judge, who has all of the records before him, to fix and determine what fees are proper. (*Estate of Vaughan,* 14 Cal. App. (2d) 594 [58 Pac. (2d) 742].) Section 910 of the Probate Code provides that attorneys for executors shall be allowed such amount as the court "may deem just and reasonable for extraordinary fees". It is the duty of the court to determine whether or not services denominated "extraordinary" were necessarily required in the administration of the particular estate, and if so, to decide what would be a just and reasonable allowance. In making its order fixing such fees, the court has a large discretion, and when the court has made its determination in respect thereto, its judgment will not be interfered with on appeal, except only in the face of a plain abuse of discretion. (11B Cal. Jur. 506, sec. 1056; *Estate of Parker,* 186 Cal. 671 [200 Pac. 620]; *Estate of Iser,* 52 Cal. App. 405 [198 Pac. 1014].)

We have carefully examined the record presented on the two appeals before us, which includes very complete findings of fact in each case, and we are convinced that there was no abuse of discretion on the part of either trial judge in making the orders appealed from allowing fees for extraordinary services, especially in view of the fact that the appraised value of the estate herein is $337,271, and that the value of said estate at the time the second petition of respondents was filed exceeded the sum of $400,000.

The two orders allowing fees for extraordinary services are therefore affirmed. ■ The appeal from the order denying motion to set aside submission and to permit introduction of further evidence was apparently abandoned by appellant, as

he makes no mention of the same in his brief. However, since an appeal does not lie from such an order, the appeal from that order is dismissed. (Art. VI, sec. 4, Cal. Const.; sec. 1240, Probate Code; *Estate of Winslow*, 128 Cal. 311 [60 Pac. 931] ; *In re. Seymour's Estate*, 15 Cal. App. 287, 290 [114 Pac. 1023].)

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 8, 1936.