[Civ. No. 11188.   Second Appellate District, Division One.—December 30, 1936.]

In the Matter of the Estate of MARY A. HARDENBERG, Deceased.   ZOLA GARRAHAN et al., Appellants, v. FREDERICK FAY ROBINSON et al., Respondents.

G. F. Peck, *in pro. per.*, Hugh M. Bole and Stewart & Stewart for Appellants.

Fred S. Patch, *in pro. per.*, and P. E. Keeler for Respondents.

YORK, J.—Respondent Robinson, as administrator, filed his second and final account and petition for distribution in the above-entitled estate, and respondent Patch, as attorney for said administrator, filed his petition for attorney's fees for extraordinary services. Appellant Garrahan, as an heir at law, and appellants Peck and Stewart, as grantees of said Garrahan as to a portion of her interest in the estate, filed their objections to both petitions. The court upon hearing said petitions made extensive findings of fact and conclusions of law, and entered its order from portions of which this appeal is taken. After all briefs upon appeal were filed and upon request of the substituted attorney for Zola Garrahan, the appeal was dismissed as to her only by the Supreme Court on August 13, 1936, and thereafter that court transferred the remaining appeal to this court for decision.

The appeal is now before this court upon a bill of exceptions containing appellants' specifications of error to the effect that the evidence is insufficient to sustain certain of the findings of fact; that certain of the facts found are insufficient to support the conclusions of law, and that the order appealed from is contrary to law.

Appellants in their briefs make no attempt to point out wherein the evidence is insufficient to support the findings of fact, but summarize their points on appeal as follows:

"The attorney for administrator should have his regular statutory fees, which the Court has already determined to be $214.10 and extraordinary fees for the sale of real estate in a reasonable sum, perhaps not less than $50.00 nor more than $100.00, a total of $264.10 or $314.00 as the Court might determine proper, instead of the $400.00 regular fees and $500.00 extraordinary fees, a total of $900.00, which the order appealed from allows.

"The item of $1.15 taxes paid on Texas land, $7.00 paid for collection fees, $37.00 advanced to an heir and the $50.00 of the funeral bill which, the evidence is, remains unpaid, should all be disallowed. And with the decree so modified there would be cash in hand more than sufficient to pay all fees and commissions and the estate will be in condition for distribution and decree should be made for distribution of the same."

It appears from the record that a parcel of 80 acres of land belonging to the estate was appraised at the sum of

$12,000 and that the administrator's and attorney's fees, as set up in the first account current, were computed upon that appraised value. However, in the present proceeding the court found "that the statutory fees due the administrator and the attorney for the administrator for regular services rendered said estate must be based upon the present value of the said eighty (80) acres of land which value the Court finds to be $25.00 per acre or $2,000.00".

The order, from which this appeal is taken (*except* such portion thereof as fixes the value of the estate and the regular attorney's and administrator's fees and that portion allowing $60 credit for appraisal fee) provides:

(1) The administrator is entitled to credit for all items shown in second and final account with the exception of the item "balance on attorney fees, at statutory rates, $203.73".

(2) Total value of estate is $4,602.73, making regular administrator's and attorney's fees the sum of $214.10 each, and that the sum of $203.73 received by the attorney shall be deducted from amount awarded to him for extraordinary services.

(3) Payment of sum of $400 on account of attorney's fees allowed by first account current is held to be *res judicata* and the attorney is entitled to retain the same.

(4) That attorney be awarded the sum of $500 for extraordinary services performed.

(5) That the sum of $37 advanced to Zola Johnson Garrahan be deducted from her distributive share upon distribution of the estate.

(6) That in addition to other credits, the sum of $60 is allowed administrator for services performed by appraiser appointed by the court.

(7) That distribution is denied at this time.

As to attorney's fees, it will be noted that the first account current made an allowance of $400 and the second account current the sum of $203.73, which latter sum the court ordered deducted from the $500 allowance for extraordinary services, so that in the final analysis the attorney obtained an order for the payment of the sum of $696.27 instead of for the sum of $900, as claimed by appellants.

■ "In a probate matter, it is particularly within the power of the trial judge, who has all of the records before him, to fix and determine what fees are proper. (*Estate of Vaughan*, 14 Cal. App. (2d) 594 [58 Pac. (2d) 742].) Section 910 of the Probate Code provides that attorneys for executors shall be allowed such amount as the court 'may deem just and reasonable for extraordinary services'. It is the duty of the court to determine whether or not services denominated 'extraordinary' were necessarily required in the administration of the particular estate, and if so, to decide what would be a just and reasonable allowance. In making its order fixing such fees, the court has a large discretion, and when the court has made its determination in respect thereto, its judgment will not be interfered with on appeal, except only in the face of a plain abuse of discretion. (11B Cal. Jur. 506, sec. 1056; *Estate of Parker*, 186 Cal. 671 [200 Pac. 620]; *Estate of Iser*, 52 Cal. App. 405 [198 Pac. 1014].)" (*Estate of Keith*, 16 Cal. App. (2d) 67 [60 Pac. (2d) 171].)

■ The item of $37 advanced to Zola Garrahan, as heir at law, is to be deducted from her distributive share, and furthermore the payment thereof was consented to by the other heirs. Under the facts and circumstances shown in the record as to the items $1.15 for taxes and $7 for collection fees, these appear to be proper charges against the estate, and we see no error in allowing the administrator credit for same. As to the charge of funeral expenses, it appears from the record that a claim for $300 for such services was allowed in course of administration, and that the sum of $100 was paid thereon prior to filing of first account current, that $150 was paid subsequent thereto and prior to filing of second account current, and that $50 remained unpaid thereon at the time of the hearing on said second account current. We find nothing improper in allowing payment of the balance due on an approved claim. ■ As to the objection made by appellants in attacking the account for failure to file vouchers to support the items thereof, the record shows that the court upon the hearing questioned the attorney for the administrator as to the various items of expenditure, and while the vouchers were not on file at the time of the hearing, these were filed thereafter by per-

mission of the court. We are of the opinion that this objection has no merit.

The order appealed from is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 27, 1937.