[Civ. No. 13870.   Second Dist., Div. One.   Jan. 20, 1943.]

Estate of J. B. NEFF, Deceased.   M. W. FAUX et al., Appellants, v. O. T. CAILOR et al., Respondents.

Hooper & Miller for Appellants.

Syril S. Tipton, in pro. per., and for Respondents.

YORK, P. J.—This is an appeal from a judgment or order allowing the payment of $5,000 each to O. T. Cailor, as executor, and Syril S. Tipton, as attorney for said executor, for

extraordinary services rendered by them in the administration of the estate of J. B. Neff, deceased, written objections having been interposed by appellants, legatees under the will of said decedent.

Respondents' petition for fees for extraordinary services alleges that said estate was appraised at $327,576, all of which consisted of bonds except $9,100; that under the terms of the will it was necessary to sell said bonds and reduce them to cash for the purpose of distribution; that in connection with such sale respondents prepared and presented a petition to sell a portion of the securities over a recognized exchange, and as to the balance thereof, consisting of unlisted securities it was necessary for respondents to prepare and present a petition to sell them at a minimum price, which they did after many conferences with various brokerage houses concerning the price of the various bonds. Also, it appears from the record, that respondent attorney on behalf of respondent executor petitioned the court for instruction and direction for the reason that the inheritance tax department would not make its report fixing the tax until there was a determination by the court as to the construction of paragraph 3 of the will bequeathing to the legatee Lelia B. Bucher $7,000 in certificates of the Home Builders Association of Pomona, which were not a part of said estate, having been disposed of by testator prior to his death.

During the pendency of the appeal, this court, upon respondents' motion for diminution of the record, ordered that the affidavit of the trial judge be made a part of the record on appeal. This affidavit is now before us and avers as follows:

"Florence M. Bischoff, being first duly sworn, deposes and says:

"That upon stipulation of the attorneys in the above cause, she presided as Judge pro tem. in the hearing held on May 25, 1942, concerning the Petition for Fees for Extraordinary Services on behalf of the executor and his attorney, and the objections thereto.

"That at said hearing no clerk or reporter were present. That during said hearing a motion was duly made by the petitioners to amend the Petition for Fees for Extraordinary Services by adding thereto an additional paragraph alleging the performance of extraordinary services on behalf of the executor and his attorney in connection with the determina-

tion of the Federal Estate Tax, the State Inheritance Tax, the Federal Income Tax and the State Income Tax. That said motion was granted and at said hearing testimony received, based upon said additional allegation.''

It is here urged by appellants that (1) the services so rendered by respondents were ordinary and not extraordinary; (2) if such services were extraordinary, the compensation therefor is unreasonable.

Respondents assert in their brief on appeal that ''decedent's estate consisted of bonds appraised at $318,476 and $9,100 in real property and miscellaneous personal effects. The executor elected to retain these bonds and to continue to collect interest on them, instead of reducing this property to cash immediately, as he would have been justified in doing, and in so doing assumed a personal responsibility if the bonds should drop in value; by this procedure the executor collected interest in the sum of $12,317.04 . . . the bonds were sold by the executor and his attorney at a time when they realized to the estate $14,254.36 more than their appraised value, or value at date of death; in other words, in effect the business of the deceased was carried on and realized for the estate $14,254.36.''

With reference to the question of expenses and compensation of an executor, section 900 of the Probate Code provides that he ''shall be allowed all necessary expenses in the care, management and settlement of the estate, and, for his services, the compensation hereinafter provided. . . . '' Section 902 of the same code provides as follows:

''*Commissions for extraordinary services, etc.* Such further allowances may be made as the court may deem just and reasonable for any extraordinary services, such as sales or mortgages of real or personal property, contested or litigated claims against the estate, the preparation of estate, inheritance, income, sales or other tax returns which require the appointment of a tax counsel, tax auditor or other tax expert for the preparation thereof, the adjustment and payment of extensive or complicated estate or inheritance taxes, litigation in regard to the property of the estate, the carrying on of the decedent's business pursuant to an order of the court, and such other litigation or personal services as may be necessary for the executor or administrator to prosecute, defend or perform.''

Section 910, Probate Code, provides: ''Attorneys for exec-

utors and administrators shall be allowed out of the estate, as fees for conducting the ordinary probate proceedings, the same amounts as are allowed by the previous article as commissions to executors and administrators; and such further amount as the court may deem just and reasonable for extraordinary services.''

''The representative is not entitled to any allowance in addition to the statutory commissions unless it appears to the court that he has rendered some extraordinary service, and it must appear to the court that the claim is just and reasonable. The allowance is a matter of discretion with the trial court—not to be interfered with except for abuse— not only for it to determine whether the character of the services is such as to authorize extra compensation, but to determine the amount.'' (11B Cal.Jur. 469, § 1031, and cases therein cited.) See, also, *Estate of Pomin,* 33 Cal.App.2d 544, 546 [92 P.2d 479], where it was stated: ''We are of the opinion a probate judge, who has before him all of the proceedings of an estate, together with evidence of the exact nature of extraordinary services performed incident to probating it, is not bound to fix the compensation therefor, under section 902 of the Probate Code, at the estimated value testified to by expert witnesses produced by the executor, even though no witness is called to dispute their opinions in that regard. It is the province of the trial judge, under such circumstances, in the exercise of sound discretion, to determine the weight of the evidence and the value of the services performed and to allow the executor or attorney such sum 'as the court may deem just and reasonable for any extraordinary services.' (§ 902, Prob. Code . . .'' and authorities there cited.)

In *Estate of Keith,* 16 Cal.App.2d 67, 70 [60 P.2d 171], wherein an appeal was taken from an order allowing attorneys for an executor the sum of $5,000 for extraordinary services, it was held:

''In a probate matter, it is particularly within the power of the trial judge, who has all of the records before him, to fix and determine what fees are proper. (*Estate of Vaughan,* 14 Cal.App.2d 594 [58 P.2d 742].) Section 910 of the Probate Code provides that attorneys for executors shall be allowed such amount as the court 'may deem just and reasonable for extraordinary fees.' It is the duty of the court to determine whether or not services denominated 'extraordi-

nary' were necessarily required in the administration of the particular estate, and if so, to decide what would be a just and reasonable allowance. In making its order fixing such fees, the court has a large discretion, and when the court has made its determination in respect thereto, its judgment will not be interfered with on appeal, only in the face of a plain abuse of discretion. (11B Cal.Jur. 506, § 1056; *Estate of Parker,* 186 Cal. 671 [200 P. 620]; *Estate of Iser,* 52 Cal. App. 455 [198 P. 1014].)'' See, also, *Estate of Hardenberg,* 18 Cal.App.2d 307, 310 [63 P.2d 1200].

In the circumstances presented by the record herein, it cannot be held as a matter of law that the trial court abused its discretion in allowing compensation for extraordinary services performed by the executor and his attorney on behalf of the estate.

For the foregoing reasons, the judgment or order appealed from is affirmed.

Doran, J., and White, J., concurred.