[Civ. No. 7611. Third Dist. Aug. 22, 1949.]

Estate of MANUEL GONZALES, Deceased. LAW T. FREITAS, as Executor, etc., Appellant, v. SUE H. CLOWDSLEY, as Public Administrator, etc., Respondent.

Wyatt, Green & Carr for Appellant.

Frederick L. Felton for Respondent.

ADAMS, P. J.—Manuel Gonzales died March 2, 1948, in San Joaquin County, leaving an estate therein but no known resident relatives.. On March 11th, Sue H. Clowdsley, public administrator, filed a petition for letters of administration

of the estate of said decedent, and letters were issued to her on March 22d. Subsequently that official found among the effects of decedent what purported to be a copy of a will which named Law T. Freitas executor, and investigation disclosed that Mr. Freitas had the original will in his possession. On April 22d, he filed a petition for probate and on May 8th, the court made an order admitting the will to probate, appointing him executor, and vacating the prior appointment of respondent.

On June 21st, respondent filed her first and final account, and same was approved July 7th, but the question of proration of fees between appellant and respondent and their respective counsel was deferred from time to time until August 5th, at which time 60 per cent of the statutory fees was allotted to respondent and her counsel, and 40 per cent to appellant and his counsel. This appeal was then taken by the executor who contends that the appointment of respondent was not authorized by law, that therefore she was not entitled to any compensation; but that, in any event, she was not entitled to the proportion of fees allowed and the probate court abused its discretion in awarding same to her.

Appellant first argues that at least 30 days should have elapsed after the death of decedent, before the appointment of any administrator of his estate, because of the provision of section 324 of the Probate Code that reads:

"If the person named in a will as executor, for thirty days after he has knowledge of the death of the testator and that he is named as executor, fails to petition the proper court for the probate of the will and that letters testamentary be issued to him, he may be held to have renounced his right to letters, and the court may appoint any other competent person administrator, unless good cause for delay is shown."

No authority for such construction of that section is cited, and we are of the opinion that it has no justification. The gist of the section is that an executor named in a will who does not, within 30 days after he has knowledge of the death of a testator and that he is named as executor of decedent's will, petition for probate may be held to have renounced his right to letters. It in no sense places any limitation upon the powers of a probate court to appoint an administrator of the estate of a decedent, especially where, as here, the existence of a will is not known, and a petition for letters

of administration recites that the decedent died intestate. If appellant's reasoning were sound it might as well be argued that though a person named in a will as executor thereof might have no knowledge of that fact, or might never learn of the death of the testator, or though even the existence of any will at all was unknown, the probate court could not appoint an administrator unless it was shown that a will existed, an executor was named therein, that said executor knew of the death of the testator and that he was named as executor in his will, and had not, for 30 days, petitioned for letters testamentary—a manifest absurdity.

Section 1140 of the Probate Code defines the duties of the public administrator, and provides that he must take immediate charge of the property within his county of persons who have died, when no executor or administrator has been appointed, and in consequence the property is being wasted, uncared for or lost; that he shall apply for letters of administration upon the estates of decedents who have no known heirs where the superior court of his county has jurisdiction thereof; and that he may apply for such letters upon *any other estate* which he is entitled to administer. No limitation upon the time when such public administrator is authorized to petition for letters is provided by that section.

Since in this case decedent left no relatives in this state, the public administrator was entitled to serve as administrator. (Prob. Code, §§ 420, 422.)

█ Section 901 of the Probate Code provides that if there are two or more executors or administrators of any estate, the compensation shall be apportioned among them by the court according to the services actually rendered by each. Therefore it is apparent that respondent is entitled to a portion of the commission allowable under that section. That was, in effect at least, conceded by appellant, for in the probate court he made no objection to the account rendered by her, or to the allowance to her of some compensation, though in her account she set forth that the newly appointed executor should pay to petitioner and her counsel their fees as administratrix and attorney, and that a sum be fixed by the court as their shares of commissions. In fact the record does not show that any objection was interposed by appellant in that court to the amount allowed her, except that he appealed from the decision.

The questions raised by appellant before this court, then, appear to be raised for the first time on this appeal, which,

alone, would justify an affirmance of the order of the probate court. However, the determination of the fees to be allowed in the case was a matter resting in the discretion of the probate court, and we cannot say that there was an abuse thereof. Respondent testified as to the services performed by her, and though her testimony is not in the record, it does appear that they included the statutory proceedings such as notice to creditors, the filing of two claims, both of which were approved and one paid, the marshalling of the assets of the estate, and an accounting therefor.

As to the division of statutory fees between executrices, the court said in *Estate of Roberts,* 27 Cal.2d 70, 76 [162 P.2d 461], that the trial court exercised its discretion which cannot be disturbed on appeal in the absence of a showing that the court abused its power. In *Guardianship of Vaughan,* 14 Cal.App.2d 594 [58 P.2d 742], it was said that in a probate matter it is particularly within the province of the trial judge, who has all the records before him, to fix and determine what fees are proper. In *Estate of Keith,* 16 Cal. App.2d 67, 70 [60 P.2d 171] (hearing in Supreme Court denied) the same rule was stated, and it was there said that in making its order fixing fees (for extraordinary services by attorney for estate) the court has a large discretion, and that the judgment will not be interfered with on appeal, except in the face of a plain abuse of discretion, citing 11B Cal.Jur. § 1056, p. 506, *Estate of Parker,* 186 Cal. 671 [200 P. 620], and *Estate of Iser,* 52 Cal.App. 405 [198 P. 1014]. Also, see *Estate of Hardenberg,* 18 Cal.App.2d 307, 310 [63 P.2d 1200].

Particularly in view of the fact that the testimony given by respondent as to the services which she and her counsel rendered to the estate is not before us, we cannot say that the trial court abused its discretion in its division of the fees.

The order appealed from is affirmed.

Thompson, J., and Peek, J., concurred.