[No. B055936. Second Dist., Div. Five. June 24, 1992.]

Estate of KATE HELLER, Deceased.
IRVING HELLER, as Executor, etc., Petitioner and Appellant, v.
BETTY BERMAN et al., Objectors and Respondents.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III and IV.

**COUNSEL**

Charles F. Legeman for Petitioner and Appellant.

Kerry, Garcia & Lewis, Lee B. Madinger, Rimer & Shandler and Warren H. Eckert for Objectors and Respondents.

**OPINION**

ASHBY, J.—In this probate matter, the executor of the estate appeals from orders fixing attorney fees and executor commissions. (*Estate of Effron* (1981) 117 Cal.App.3d 915, 921, fn. 3 [173 Cal.Rptr. 93].)

The decedent, Kate Heller, died testate April 3, 1986. She was survived by four children: Elliott Heller, Irving Heller, Betty Berman and Shirley Kane.

Originally, Elliott Heller was appointed executor of the estate in May 1986. Attorney Warren H. Eckert performed services for the estate until November 1988, when Elliott Heller, as executor, substituted himself in propria persona as attorney. Elliott Heller died in July 1989. Appellant Irving Heller was appointed as successor executor in September 1989; Attorney Charles F. Legeman performed services for the estate during Irving Heller's administration. On November 13, 1990, the court filed its orders approving first and final account and distribution, discharge of executor, and fixing statutory fees and commissions and extraordinary attorney fees.

Appellant Irving Heller complains on appeal about the following orders made by the trial court:

(1) Apportionment of statutory attorney fees. The trial court apportioned statutory attorney fees two-thirds to Attorney Eckert and one-third to attorney Legeman.

(2) Award of extraordinary attorney fees. Attorney Legeman requested $10,725 in extraordinary fees. The trial court allowed $4,000.

(3) Award of extraordinary attorney fees to the attorney representing respondent Berman. Respondent Betty Berman, a beneficiary, filed various motions seeking court orders arising from appellant Irving Heller's alleged inadequate administration of the estate. The trial court awarded extraordinary attorney fees of $3,500 from the estate to respondent Berman's attorney, Carole C. Shandler, for services rendered in this regard.

(4) Denial of executor's statutory commissions. Pursuant to Probate Code section 12205, the trial court denied statutory executor's commissions to appellant Irving Heller, for excessive delay in administration of the estate.

## SUMMARY

■  Apportionment of statutory fees and allowance of extraordinary fees are within the discretion of the probate court, whose determination will be upheld on appeal in the absence of manifest abuse of discretion. (*Estate of Downing* (1982) 134 Cal.App.3d 256, 266-269 [184 Cal.Rptr. 511]; *Estate of Stokley* (1980) 108 Cal.App.3d 461, 473 [166 Cal.Rptr. 587]; *Estate of Gonzales* (1949) 93 Cal.App.2d 440, 443 [209 P.2d 21]; *Estate of Neff* (1943) 56 Cal.App.2d 728, 731-732 [133 P.2d 413].) The trial court did not abuse its discretion as to apportionment and extraordinary attorney fees. In the published portion of this opinion we hold a trial court exercises similar discretion in reducing executor's commissions pursuant to Probate Code section 12205. Finding no abuse of discretion, we affirm.

I

## BACKGROUND

The previous executor, Elliott Heller, was appointed executor on May 16, 1986. Attorney Eckert on behalf of former executor Elliott Heller filed partial inventories on August 21 and December 19, 1986, and a final inventory on December 19, 1986. The estate could not be closed, however, because the beneficiaries disagreed as to the disposition of decedent's residence in Long Beach. These disagreements led to the filing of a separate law suit by respondent Betty Berman. Attorney Eckert filed a status report July 16, 1987, and obtained an extension until July 1, 1988, to file the final accounting.

In 1988 cooperation broke down between former executor Elliott Heller and Attorney Eckert. Elliott Heller made unauthorized advance distributions from the estate. At Attorney Eckert's request, Elliott Heller substituted himself in propria persona as attorney of record on November 22, 1988.

Elliott Heller made no formal accounting of his administration of the estate before his death on July 10, 1989. During his administration approximately $160,000 disappeared.

Appellant Irving Heller was appointed as successor executor on September 6, 1989. Appellant's administration of the estate during the following year was criticized by respondent Betty Berman, who filed several motions seeking court orders or removal of appellant as executor.

Respondent Berman attacked appellant's delay and ultimate failure to trace and marshal the substantial funds which disappeared during the administration by former executor Elliott Heller. As early as October 19, 1989, appellant Irving Heller advised respondent Berman that the Sears and Dean Witter accounts and the Mercury Savings accounts, in the amount of $160,000, had been closed. Appellant's delay in attempting to trace these assets led to Berman's filing a petition requesting that the court order appellant to marshal assets of the estate. After hearing, the court on May 23, 1990, made such an order directing appellant Irving Heller to marshal assets of the estate, including specifically to "take any and all steps necessary to trace the Estate assets which were formerly held in the name of the Estate at Mercury Savings & Loan Association and at Dean Witter. Such steps should include, but are not limited to, noticing and taking the deposition of JUDITH HELLER, the surviving spouse of ELLIOTT HELLER . . . ." Appellant did not conduct that deposition until July 7, 1990, and his counsel, Attorney Legeman, "asked only superficial questions," according to the declaration of

Attorney Shandler. Appellant was ultimately unsuccessful in finding the assets disposed of by Elliott Heller.

Respondent Berman also attacked appellant's handling of the sale of another major estate asset, a real property in the Belmont Shore area of Long Beach. Appellant's attempted private sale of this property for $315,000 in December 1989 was not confirmed by the court, which instead accepted a bid in open court of $370,000 on January 8, 1990. Respondent Berman criticized appellant's subsequent handling of the escrow on this sale. The escrow did not close within the scheduled time; appellant gave the buyer an extension of time without requiring interest to compensate the estate for the delay; then after the buyer had the money to close, appellant failed to complete necessary paperwork, delaying the closing for another month. Berman sought and obtained a court order requiring appellant to instruct the escrow to pay the proceeds of the sale into a blocked interest-bearing account to preserve the assets of the estate. Appellant failed to comply with the court's order regarding escrow instructions.

Other criticisms of appellant's estate administration included delays and inadequacies in the filing of status reports and appellant's filing of an unjustified motion to disinherit respondent Berman on appellant's theory that Berman's motions and petitions constituted a will contest.

II-IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V

DENIAL OF EXECUTOR'S COMMISSIONS

Probate Code former[5] section 12205 provided in pertinent part, "If the time taken for administration of the estate exceeds the time required by this chapter or prescribed by the court, the court may . . . reduce the commissions or fees by an amount the court deems appropriate, regardless of whether the commissions or fees otherwise allowable under the provisions of Sections 901 and 910 would be reasonable compensation for the services rendered, if the court determines that the time taken was within the control of the personal representative or attorney whose commissions or fees are

---

*See footnote, ante, page 862.

[5]We apply the version of Probate Code section 12205 enacted by Statutes 1988, chapter 1199, section 93, page 3986. The present substantially similar version is applicable to proceedings commenced on or after July 1, 1991. (Prob. Code, § 10850.)

being reduced and was not in the best interest of the estate or interested persons."

Prior to 1977, the probate court had no discretion to reduce executor commissions for delay or mismanagement of the estate, except to surcharge the executor for actual losses to the estate from such mismanagement. (*Estate of Roberts* (1945) 27 Cal.2d 70, 76 [162 P.2d 461]; *Estate of Fulmer* (1928) 203 Cal. 693, 702 [265 P. 920, 58 A.L.R. 430].)

In 1976, the Legislature enacted Probate Code former section 1025.5, from which Probate Code section 12205 is derived. (Stats. 1976, ch. 756, § 1, p. 1791; *Estate of Getty* (1983) 143 Cal.App.3d 455, 461 [191 Cal.Rptr. 897, 40 A.L.R.4th 1175]; 8 Pacific L.J. (1977) 181-182.)

The legislation, which set deadlines and empowered the court to enforce them by sanctions, reflected strong public policy in favor of the prompt closing and distribution of estates. (See 2 Goddard, Cal. Practice (3d ed. 1977) Probate Court Practice, § 1723, pp. 653-654; Ross & Moore, Cal. Practice Guide, Probate (1991) §§ 16:77-16:86.1, pp. 16-21 to 16-22; 12 Witkin, Summary of Cal. Law (9th ed. 1987) Wills and Probate, § 712, pp. 745-746.)

■ Probate Code former section 12205 applicable to this case permitted the court to "reduce the commissions or fees by an amount the court deems appropriate," which clearly indicates the exercise of this power is committed to the discretion of the trial court.

Pursuant to this provision the trial court denied any executor commissions to appellant Irving Heller or former executor Elliott Heller.[6]

The record supports the trial court's order. Administration of this estate took four and a half years, from the May 1986 appointment of former executor Elliott Heller to the court's November 1990 final orders. Closing the estate took more than two years after the extension granted the former executor to July 1988, and more than one year following appellant Irving Heller's appointment as successor executor.

Appellant contends that after his own appointment as successor executor he performed his duties and brought the estate to a close. Much of the work, however, was done by the former executor, although some funds were

---

[6]The full amount of the statutory commission to be apportioned between Irving and Elliott Heller would have been $14,029. Ultimately, the interest of former executor Elliott Heller was surcharged $124,662 for funds unaccounted for and missing during his administration of the estate.

missing. The record supports the conclusion that the further time taken was within appellant's control and was not in the best interests of the estate. Appellant's delay in attempting to trace and marshal assets of the estate, after prodding by respondent Berman's motions and court orders, may have contributed to the inability to find those assets in the estate of Elliott Heller. The escrow on the sale of the Belmont Shore property, although ultimately completed, was delayed by actions of appellant. The trial court did not abuse its discretion in denying appellant commissions under former Probate Code section 12205.

Appellant contends the court was required by section 12205 to make findings on the record and erred by failing to make them.[7] There is no merit to this contention. Even assuming the statute requires findings if requested, there is no indication in the record that appellant requested findings. (Code Civ. Proc., § 632.) ■ It is presumed on appeal the trial court made whatever findings were necessary to sustain the judgment. (*Michael U.* v. *Jamie B.* (1985) 39 Cal.3d 787, 792-793 [218 Cal.Rptr. 39, 705 P.2d 362].)

## VI

### DISPOSITION

The orders are affirmed. Respondents' request for sanctions for a frivolous appeal is denied.

Turner, P. J., and Boren, J., concurred.

---

[7]Appellant apparently refers to the language "if the court determines" in the former section or "if the court makes all of the following determinations" in the present section.